JUNE TERM, 1847.    173

Carroll & Beall v. The Mayor and Aldermen of the City of Tuskaloosa.

## CARROLL & BEALL v. THE MAYOR AND ALDER-MEN OF TUSKALOOSA.

1. An authority conferred on the corporation, to collect taxes on " auction-eers, transient dealers, and pedlars," will justify it in imposing a tax ei-ther upon the amount of the sales of such persons, or in the form of a li-cense to the auctioneer.

2. A party who complains that too high a tax has been assessed against him as an auctioneer, and removes the case by *certiorari* to the circuit court, is there entitled, if he demands it, to a trial upon the merits, and to show that too high a tax has been assessed; though in cases of ordinary taxa-tion, it seems redress must be sought from the mayor and aldermen, and that their decision is final.

Error to the Circuit Court of Tuskaloosa.

THE mayor of the city of Tuskaloosa, issued an execution against the plaintiffs in error, directed to the marshal of the city, commanding him to make the sum of $104 22, the amount due by them on goods sold at auction, and commis-sion, in that city, as given in by them or their agent, on oath, for the year next preceding the 1st March, 1845, to the city of Tuskaloosa. This execution was superseded on the pe-tition of the plaintiffs in error, alledging that the tax assessed against them, was illegal, and a *certiorari* was awarded to the mayor.

Upon the trial of the cause, as appears from a bill of ex-ceptions, the only record, sent up as a return to the *certiorari*, was a book purporting to be written, and made out by James Hogan, and others, during the month of April, 1845, as as-sessors of taxes for the city of Tuskaloosa, for the year end-ing April, 1845; in which was the following entry: "Car-roll & Beall, auction sales $2069 27, on commission $7319 15, and the execution issued by the mayor and aldermen, upon which was endorsed a levy by the marshall; whereupon the defendants moved the court to quash the execution, and ren-der the *supersedeas* perpetual; which motion the court re-

fused ; but on motion of the plaintiff dismissed the *certiorari*, although the defendant urged a trial on the merits.

The charter, bye-laws, and ordinances of the corporation, were made a part of the case by the petition.

The assignments of error present for revision, all the matters presented on the bill of exceptions.

PECK and WHITFIELD, for the plaintiff in error.

PORTER, for defendant in error. 1. The remedy by appeal is specifically given to parties aggrieved by the statute chartering the city of Tuscaloosa. [Acts of 1835-6, sec. 9.] When a particular remedy is given by statute, that must be pursued. [Russell v. Peirce, 7 Porter, 276 ; Miller v. Goffe, 9 ib. 265.]

2. A writ of *certiorari* is not allowable in such a case as this. [Clay's Dig. 294, sec. 29 ; Bobo & Johnson v. Thompson, 3 Stew. & Port. 385 ; Whelock v. Wright, 4 ib. 163 ; John v. The State, 1 Ala. R. 95.]

3. As to the powers of the corporation, see the charter, pamphlet, p. 7, sec. 9, latter part ; p. 8, sec. 11, showing his remedy in case assessment is too high : ib. p. 10, sec. 4, 5 ; ib. p. 18, sec. 2, 3. The charter says expressly, that if any assessment is too high, the aggrieved party shall complain to the mayor and aldermen, *whose decision shall be final.* (See p. 8, sec. 11.)

ORMOND, J.—By the act incorporating the city of Tuskaloosa, power was given to the corporation to levy and collect a tax on real estate, not exceeding twenty-five cents on the one hundred dollars worth, where the lots are improved, and not exceeding one dollar on the hundred dollars worth, where the lots are unimproved ; fifty cents on the one hundred dollars worth of personal property kept within the city, and a poll tax not exceeding the State poll tax.

By an amendment of the charter, power was given to the city "to levy and collect taxes upon auctioneers, transient dealers, and pedlars."

The corporation has passed the following bye-laws, bearing upon this subject, and as the levy of a tax " on all goods, wares, and merchandize, not belonging to citizens of this

Carroll & Beall v. The Mayor and Aldermen of the City of Tuskaloosa.

corporation, sold at auction, one and a half per cent. on the amount of sales, which sum shall be reserved from the proceeds of the sales by the auctioneer, and by him paid to the city collector, and it shall be his duty to file with the city assessor, the affidavit of the persons at whose instance the sale was made, shewing whether the said sales were made for the benefit of citizens, or other persons.

On all goods, wares, and merchandize, sold in this city, on commission, for the benefit of persons not residing in this city, one per cent. on the amount of the sales." Other portions of the bye-laws will be hereafter noticed.

It is contended by the counsel for the plaintiffs in error, that the power to levy and collect a tax upon auctioneers, does not authorize the imposition of a tax upon the amount of their sales, but can only be exercised by a tax, or license, upon the privilege of selling by auction. The power conferred, is to levy and collect taxes, on "auctioneers, transient dealers, and pedlars," and in our judgment it is the same thing, whether the tax is imposed in the form of a license to the auctioneer, or upon the sales actually made by him. In either case it is a tax upon the sale, as the auctioneer must be refunded the amount paid for his license, and this must of necessity come out of the proceeds of his sales. It is the same in its operation, as an impost, or duty upon the importation of goods, which is as effectually a tax upon the consumer, as if it was levied by an excise on the goods in their hands.

The objection that this form of imposing the tax, may in its effect amount to a prohibition, and so interfere with the subjects of State taxation, is answered in the same way. Such might also be the effect of the imposition of the tax in the form of a license, which might be so high as to prevent all sales by auction within the limits of the city. Whatever weight the argument might be entitled to, if the power had not been granted to the city to levy a tax on auctioneers, it is entitled to none, the power having been expressly conferred on the corporation.

The remaining question, that the defendants should have been permitted to show, that the tax was improperly imposed, and that the goods sold on commission, did not belong to non-residents, but to resident citizens, and therefore ex-

empt from taxation by the ordinance, involves the consideration of the question, of what is brought up by the writ of *certiorari*, and the mode of proceeding in the higher court.

There is an inherent difficulty in reviewing the judgments, if they may be so called, by which a tax is levied, as all the proceedings must be *ex parte*, and *extra judicial*, although if payment of the sum assessed is refused, it may be enforced by a sale of property; and in the absence of any law providing for a revision of the facts, it would seem that the trial by *certiorari* could only be upon the record, and that nothing extrinsic could be shown.

The 11th section of the charter provides for the assessment of taxes, and that any person aggrieved by the assessment, may complain to the Mayor and Aldermen, who shall consider, and reduce the assessment, if in their opinion it is too high, "and their decision on the subject shall be final." This evidently applies to the assessment of the value of taxable property, which may be made by assessors appointed by the corporation. In such cases, it is clear, resort for redress must be had by application to the Mayor and Aldermen, and that their decision is conclusive upon the rights of the applicant.

The tax complained of in this case, is of a different character. It is not an assessment of the value of property subject to taxation by assessors, but is a tax of one *per centum*, imposed by an ordinance of the corporation, on all goods, wares and merchandize sold in the city on commission, for the benefit of persons not residing in the city. The mode of ascertaining the amount of goods thus sold on commission, appears to be by application to the party himself, as it is recited in the execution issued to the marshal, that the sum demanded as the tax, was due on goods sold at auction, and on commission by them as given in by them, or their agent on oath. No citation or demand appears to have been made previous to the issuance of the execution, and no opportunity has been afforded, so far as we can learn from the record, for the correction of this matter, if the tax on sales by commission has been improperly levied.

The proviso to the 9th section of the charter, declares that nothing herein contained shall be so construed as to prevent

appeals to the circuit and county courts, in the same manner, and under the same rules and regulations, as appeals are taken from justices of the peace.   This proviso is found in the section conferring the general powers of the corporation: giving it authority to levy and collect taxes, impose fines, and provide for the general police of the city.   A fair construction of this clause, brings it, we think, within the purview of this case.   If there had been a formal judgment, or a trial and decision of the facts disputed in this case, doubtless an appeal could have been taken from the judgment of the Mayor. The *certiorari* is a mere substitute for an appeal, and when allowed, presents for revision the same questions which would have arisen upon an appeal.   It follows, therefore, that the court erred in refusing a trial upon the merits of the case, and its judgment must be reversed, and the cause remanded.