## JONES, JUDGE OF PROBATE, *vs.* PAGE & STALL WORTH.

[APPEAL FROM ORDER GRANTING MANDAMUS.]

1. *Occupations; right of State to tax.*—The State has the right to tax occupations.
2. *Revenue act of 31st December, 1868; construction of.*—The revenue act approved December 31st, 1868, requires each lawyer composing a firm to pay the price prescribed for lawyers for a license, which entitles him to practice his profession in any county of the State.
3. *Same, § 120 of; does not confer judicial power on auditor.*—Section 120 of that act does not confer upon the auditor any judicial authority. It only makes him, to the extent therein expressed, chief of the revenue department to insure uniformity in the execution of the law throughout the State.

APPEAL from Circuit Court of Conecuh.
Tried before Hon. P. O. HARPER.

The opinion contains the facts.

JOSHUA MORSE, Attorney General for appellant.

PAGE & STALLWORTH, *contra.*

[The briefs did not come into Reporter's hands.]

B. F. SAFFOLD, J.—The appellees, who were lawyers associated together as a firm, paid to the county treasurer twenty dollars, as the price of a license to practice law, under the revenue act of December 31st, 1868. They presented the receipt taken therefor to the appellant, and demanded the license for the firm, which he refused to issue, as not being for the amount required, under instructions from the State auditor. The circuit court, on their application, issued to him a peremptory mandamus to give the license, from which he appeals.

The several questions presented in argument may better be considered generally than by direct reference to each one, except the main issue involved, the construction of the revenue law.

The right to tax is an incident of sovereignty and co-extensive with it.

All subjects, over which the sovereign power of a State extends, are objects of taxation. The sovereignty of a State extends to everything which exists by its own authority, or is introduced by its permission. These conclusions were declared by the United States supreme court, after most elaborate discussion and mature deliberation, in the cases of *McCulloch v. The State of Maryland*, 4 Whea. 316; and *Weston v. City Council of Charleston*, 2 Peters, 449. It has also been conceded by the same high authority that the State may tax occupations.—*Brown v. Maryland*, 12 Whea. 419. The private revenue of individuals arises ultimately from three different sources, rent, profit and wages, and every public tax must be finally paid from some one or all of these different sorts of revenue.—Smith's Wealth of Nations, (B.) 5, Ch. 2, p. 2.

Section 120 of the revenue act does not confer any judicial authority upon the auditor. It only makes him, to the extent therein expressed, chief of the revenue system, to insure uniformity in its operation throughout the State.

The real issue involved in this case is whether the revenue law, approved December 31st, 1868, exacts the price of a license therein prescribed for lawyers, from each individual composing a firm, or from the firm only. Section 106 of the act enacts "that any person, firm, company or corporation, who desires to engage in, or carry on, any business or profession hereinafter named, he, or they, shall pay to the treasurer of the county in which it is proposed to carry on such business or profession, the amount required by law for such license, taking his receipt therefor." Section 107 provides "that upon presentation of such receipt to the probate judge, if found to be for the amount required, he shall forthwith issue the license, which shall set forth the name of the person, firm, company or corporation, the business which it is proposed to carry on, and the location where it is to be established, or, if a peddler, whether he proposes to travel on foot, on a horse, or in a wagon; and such license shall not be transferable, nor shall it entitle the holder thereof to carry on or exercise any other business or profession, than the one therein named, nor at any other location than the one therein specified, &c." Section 112 enacts "that the prices of licenses shall be as follows: 19. For lawyers, twenty dollars."

If we regard the sections above quoted alone, the construction of them might well be either that each individual must pay the price of the license, or that a firm, company or corporation should be regarded as an individual; and in the latter case, that the business or profession must be carried on only in the county in which the license was issued. But if we consider the nature of the several occupations for which a license must be obtained, that some are obliged to be stationary, while others are ambulatory, we are led to the conclusion that the terms person, firm. company &c., must be applied and confined to the various pursuits enumerated, according to their respective character and field of operation. Where the terms of the law are doubtful enough to admit of it, we may also look to the practice of the United States government, and the

former usage of this State, under similar laws, to arrive at the true intent and meaning of the particular law.

We therefore sustain the ruling of the auditor that each lawyer should pay the price prescribed, (twenty dollars,) for a license, which shall entitle him to practice his profession anywhere in the State, as the most just and equitable construction of the statute.

The judgment is reversed. The appellees are charged with the costs of this court and of the court below.