# City Council of Montgomery *v.* Shoemaker.

*Quasi-criminal Proceeding for Violation of Municipal Ordinance.*

*License-tax on express company.*—The city of Montgomery has authority, under its charter, to levy and collect a specific tax on all express companies doing business within its corporate limits; and this power is not taken away, as to the Southern Express Company, by that provision of the act in relation to said company, approved February 26, 1872, which declares, "Nor shall any municipal corporation levy any percentage tax upon the receipts of said company;" nor by any other provision of said act.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

The appellee in this case, doing business in the city of Montgomery as the agent of the Southern Express Company, was prosecuted before the mayor for failing to take out a license, as required by an ordinance of the city, and was fined fifty dollars, besides costs. On appeal to the circuit court, the case was submitted to the court, as the bill of exceptions states, " to decide on the law and facts, on the following admissions of the parties: The defendant was charged with violating an ordinance of said city, adopted July 17, 1872, which was read in evidence, in these words: ' That persons engaged in any trade, business, or profession, or keeping or carrying on any establishment or other thing, [or] for doing any act in this section specified, shall pay license therefor, *per annum*, as follows: . . . . Express companies, four hundred dollars. . . . . That any person who shall engage in any trade, business, or profession, or keep any establishment, or do any business, or any act, for which a license is required by section 11, or for which a license is or may be required by any other law or ordinance of the city, without having first obtained such license, shall be guilty of a misdemeanor;

VOL. LI.

[City Council of Montgomery v. Shoemaker.]

and for each day such business, trade, or profession, or such establishment is kept or carried on, and for such act so done without such license, he shall be fined not less than ten, nor more than fifty dollars, unless a different penalty is prescribed by this ordinance or some other law.' It was admitted that the defendant was, in the month of December, 1872, engaged in and doing an express business for the Southern Express Company within the corporate limits of the city of Montgomery; and that neither said company, nor said defendant, nor any other person for either of them, had taken out a license from said city to do said business, nor paid any tax therefor. It was admitted, also, that the said Southern Express Company had complied in full with the provisions of the act of the general assembly of Alabama, approved February 26, 1872, entitled, ' An act in relation to the Southern Express Company,' which act was read in evidence, and is made a part of this bill of exceptions ; and that said company, within ten days after the passage of said act, paid the two thousand dollars therein required to be paid for the year 1872, and has ever since paid up the annual tax required by said act. These were all the facts and evidence in the cause ; and there being no conflict in the evidence, the court decided in favor of the defendant," and rendered judgment in his favor, as on the verdict of a jury ; to which the plaintiff excepted, and which is now assigned as error.

ELMORE & GUNTER, for appellant. — The charter of the city of Montgomery confers on the corporate authorities of said city express authority " to pass laws for the assessment, levy, and collection of taxes, not exceeding the following rates : . . . . On all express companies a tax not exceeding five hundred dollars ; " and they are also empowered by the 7th section of said charter, " to lay such fines, not exceeding one hundred dollars, for breach of their by-laws and ordinances, as they may deem proper, and to enforce and collect the same, in such manner as may be prescribed by ordinance, by execution against the person or property of the offender." The ordinance which the defendant was charged with violating, was passed in pursuance of the authority thus conferred, and there can be no doubt of its validity. The only question is, whether the Southern Express Company is excepted from the operation of this ordinance by the act of February 26, 1872, under which the exemption is claimed. The history of that act shows that this could not have been the intention of the legislature. There had been a controversy between the company and the state authorities charged with the collection of taxes, in relation to the taxes it should pay for state and county purposes. The state and county

taxes for the years 1869, 1870, and 1871, assessed against the company, were then due and unpaid; and their collection had been enjoined, at the suit of the company, by process from the district court of the United States. This controversy the act was intended to settle by compromise, and it was so settled. But there was no controversy about any taxes due to municipal corporations; and there is no mention of any taxes by a municipal corporation except in the 7th section, which, after prohibiting the counties from levying any additional percentage tax on the company, further declares, "Nor shall any municipal corporation levy any percentage tax upon the receipts of said express company." The act shows on its face that the legislature kept in view the clear distinction between a specific tax or license, and a percentage tax on the receipts of the business; and in prohibiting the one, left the other unimpaired, on the well-known maxim, *Expressio unius est exclusio alterius.* This interpretation of the act is supported by every rule of construction applicable to statutes. The act is a grant of privileges to the company; therefore it is to be strictly construed. It confers an exemption from taxation, which is always strictly construed; for, "when the power of taxation has been once conferred, it is not to be crippled or destroyed by strained interpretation of subsequent laws." *Railroad Co.* v. *Alexandria,* 17 Gratt. 176. The repeal of statutes by implication is not favored, and this rule applies equally to public and private laws. Nor does a statute of a general nature repeal by implication charters and special laws for the benefit of particular municipalities. *Bond* v. *Hustand,* 20 La. Ann. 139; *Hammond* v. *Haines,* 25 Md. 541; *Railroad Co.* v. *Alexandria,* 17 Grattan, 176; *Louisville* v. *Kean,* 18 B. Monroe, 9; 12 Ill. 339.

THOS. H. WATTS, *contra.* — 1. The act of the legislature, under which the exemption is claimed, so soon as its terms were complied with by the company, became a contract between the company and the State, which was founded on valuable consideration, and conferred on the company a vested right to carry on its business throughout the State, so long as it continued to pay the stipulated amount. Cooley on Constitutional Limitations, 280–81; *Piqua Bank* v. *Knoop,* 16 Howard, 369; *Dodge* v. *Woolsey,* 18 Howard, 331; *McGhee* v. *Mathis,* 4 Wallace, 143; *Daughdrill* v. *Ala. Life Insurance Co.* 31 Ala. 91; *Tenn. & Coosa Rivers Railroad Co.* v. *Moore,* 36 Ala. 371; *Boyd & Jackson* v. *The State,* 46 Ala. 329.

2. The act contains an express provision, authorizing the imposition of a tax on the real and personal property of the company within the State. This provision is in the nature of an exception, and excludes other implied exceptions. The

right reserved by it may be exercised by the State, or by any county, or by any municipal corporation.

3. By compliance with the conditions of the act — that is, by the terms of this contract — the company purchased the franchise or privilege of doing its business anywhere within the limits of the State. The State could not interfere with this franchise, nor impose any restrictions or burdens upon it; nor could this be done by any person or corporation deriving its authority and powers from the State. Municipal corporations derive all their authority from the act incorporating them. Their charters possess none of the elements of a contract, but may at any time be repealed or modified by the legislature; and their ordinances, whenever inconsistent with any statute, are null and void. Cooley on Constitutional Limitations, 198; Const. Ala. Art. IV. § 36. If the State, then, could not tax the business of the company after its compliance with the terms of this act, and while the act is in force, neither can any municipal corporation deriving its authority from the State do so. The limit of the powers of the one, in this particular, is the limit of the other.

4. The State could not, so long as the company complies with the provisions of this act, impose any tax on its business, or the exercise of its business, or the exercise of its right to do business anywhere within the State. Its receipts represent and measure its business. It could have no receipts without business, and no business without receipts. A tax on its business is, indirectly, a tax on its receipts. *Carroll & Beal* v. *Mayor of Tuskaloosa*, 12 Ala. 173. When an act cannot be done directly, the law will not permit it to be done indirectly.

5. The right of a municipal corporation to tax is always strictly construed against the corporation. Blackwell on Tax Titles, 523–4; Cooley's Const. Lim. 517–18.

6. But, admitting the right of the city to impose a tax on the company's franchise to do business within its corporate limits, it has no power, as is attempted by this ordinance, to prohibit the right to do business under heavy penalties, and to make the violation of its ordinance a misdemeanor. At most, it could only collect the tax by a sale of the company's property. Misdemeanors must have existed at common law, or must be created by statute; and no one can be punished for a misdemeanor, except on indictment found and a trial by jury.

BRICKELL, J. — The charter of the city of Montgomery, as amended by the act of March 3, 1870 (Pamph. Acts 1869–70, p. 338), expressly conferred the power on the corporation to impose on all express companies a tax not exceeding five hundred dollars *per annum*. The charter was again amended

by the act of February 26, 1872 (Pamph. Acts 1871-2, p. 275), and this power again conferred in express terms. The general assembly may confer on municipal corporations the power to license or to tax trades, occupations, professions, or employments, pursued for profit within the corporate limits. *Yuille* v. *Mayor & Aldermen of Mobile*, 3 Ala. 137 ; *State* v. *Esterbrook*, 6 Ala. 653 ; *Carroll & Beal* v. *Mayor & Aldermen of Tuskaloosa*, 12 Ala. 173 ; Dillon on Muni. Cor. §§ 291, 632. This proposition is not questioned by the appellee ; but he insists that the power of the city to impose a tax on the " Southern Express Company," of which he is agent, is abrogated by the act entitled "An act in relation to the Southern Express Company," approved February 26, 1872. Pamph. Acts 1871-2, p. 9.

The legislature has plenary power to alter, amend, withdraw, or repeal at pleasure, either by a general law, operating upon the whole State, or by special statute, the charter, or any particular authority conferred on a municipal corporation. It may, in its discretion, add to or diminish the corporate power, increase or remove limitations or restrictions on its exercise. Recognizing fully this power of the legislature, we cannot discover in the statute referred to a purpose to exercise it to the extent claimed by the appellee ; and are clearly of opinion that, conforming to established rules of statutory construction, it is impossible to give that statute the operation claimed for it. The clause of the statute, which it is contended operates an abrogation of the authority of the city to tax the " Southern Express Company," is in these words : " Nor shall any municipal corporation levy any percentage tax upon the receipts of said company." The tax the city is expressly authorized by the provisions of its charter to impose on express companies is not in any sense a *percentage tax on receipts*. The section of the charter in which this power is conferred distinguishes between a specific tax on an occupation or employment, and a *percentage tax on receipts*. Thus, a tax not exceeding two hundred dollars *per annum* is imposed on each vendor of goods, wares, and merchandise, drugs and medicines, or either of them ; while on goods sold at auction, a tax of one *per centum* on the amount of the sales is imposed. On lawyers, doctors, dentists, &c., a tax not exceeding fifty dollars *per annum* is authorized. On the commission business, a tax not exceeding one fourth of one per cent. on the gross sales or receipts is authorized. There are other instances in which the distinction is observed ; but these will serve to show its existence. A specific tax on a trade or employment, or particular business, is unvarying in amount, is generally incurred whenever the trade or employment is entered upon, or the business engaged in, and must be paid without regard to the time of its continuance. A percent-

[City Council of Montgomery *v.* Shoemaker.]

age tax on receipts necessarily varies with the amount of the receipts, and expires with their termination. It would be doing violence to the language used by the legislature, and confounding things in their very nature distinct, to hold that the prohibition of a percentage tax on receipts was a prohibition of a specific tax on a trade, employment, or business. It would be equivalent to the assertion, that the prohibition of a particular tax was a prohibition of all taxes. It would reverse the familiar maxim, "*Expressio unius est exclusio alterius.*"

The history of the act of 1872, " in relation to the Southern Express Company," is, we think, conclusive of the correctness of the interpretation we place upon the particular clause under which the appellee claims an exception from the specific tax imposed by the city, if the language of the statute was ambiguous, and did not imperatively demand this interpretation. The revenue laws of 1868 imposed a state tax of three fourths of one per cent. on the gross receipts of express companies. It was this tax the " Southern Express Company " had resisted, and, to avoid its payment, had engaged in litigation with officers of the State, charged with the duty of its collection. It was this tax the State, by the act referred to, compromised or compounded by the acceptance of a specified sum for the years the company was in default, and commuted for the future into a specific annual tax, without regard to the receipts of the company. A tax on its receipts was the wrong of which the company complained, and from which the State relieved it. This wrong, if it was a wrong, would have been but partially relieved, if to municipal corporations had been reserved the power of imposing a tax on receipts, which the State for the time suspended or waived the right to impose. Hence the particular clause of the statute was introduced, prohibitory of a tax on receipts by municipal corporations; leaving such corporations, if they had power, to impose, as the State imposed, a specific tax on the business or employment.

Municipal corporations are established for the local government of towns, cities, or particular districts. The power they exercise is the governmental power of the State, delegated for public convenience. The authority of taxation is of vital importance; essential to the existence of the corporation and the exercise of its powers. The whole corporate community are interested in the preservation and exercise of this power, and have the right of insisting that all who share in the benefits and protection of the corporation shall participate in the burden of taxation, save so far as exempt by the legislature. When the power of taxation is conferred on the corporation, its withdrawal or individual exemption from its operation is not to be presumed. The relinquishment by the State of its power

of taxation is never presumed. A deliberate purpose to abandon it must be apparent, or the State retains it. *Providence Bank* v. *Billings*, 4 Peters, 514. The principle is equally applicable to a municipal taxation. The express power of the city to impose a specific tax on the employment or business of express companies cannot be presumed to be withdrawn or revoked by a general statute prohibiting all municipal corporations from imposing a percentage tax on the receipts of a particular company.

Again, exemptions from taxation are always strictly construed, because equality in the burden of taxation is presumed. When an exemption is claimed, it must appear to have been so clearly granted as to be free from any fair doubt. Dillon on Muni. Cor. § 616. If the exemption claimed by the appellee was supported, it would be relieved from all municipal taxation on its business or employment, whether that taxation is specific on its business, or in the form of a tax upon its receipts. Every other express company would be subjected to municipal taxation. Every other business or employment, pursued within the corporate limits, would be burdened with municipal taxation, though the profits derived were far less than those acquired by this company. The legislative intent to grant the exemption must be clear and unmistakable, before a court can be justified in declaring such an exclusive privilege exists. Such an intent is not expressed, and cannot be fairly deduced from the provision of the statute under consideration.

The charter of the city of Montgomery is a special, as distinguished from a general statute. The general rule is, that statutes of a general nature do not operate a repeal of particular statutes enacted for the benefit of public corporations as part of their charter. *Bond* v. *Hustand*, 20 La. Ann. 135; *Town of Ottawa* v. *County of La Salle*, 12 Ill. 339. In *Orange & Alexandria R. R. Co.* v. *City Council of Alexandria* (17 Grattan, 176), the city council of the city of Alexandria had power by the charter of incorporation to levy taxes for the use and benefit of the city. In the exercise of this power, a municipal tax was imposed on the real estate and rolling stock of the Orange & Alexandria Railroad Company. The general revenue laws of the State imposed on railroads a tax of one mill per mile for every passenger transported, in lieu of all other taxation. It was insisted that the effect of this statute was an exemption from all municipal taxation. The court of appeals of Virginia held the general law confined to taxation by the State not affecting the power of taxation specially conferred on municipal corporations. The court say: "Exemptions from taxation are to be construed strictly; and when the power of taxation has been once conferred, it is not to be crippled or destroyed by strained interpretations of subsequent laws. It must

[Gulf City Insurance Company v. Stephens.]

be sustained in its full extent under the original grant, until abridged, or taken away, by a clear expression of the legislative will." So far from the power conferred on the city council to levy a specific tax on express companies, or on this particular company, having been taken away or abridged by the legislature in the enactment of the statute under consideration, the just interpretation is that it is preserved.

The charge of the circuit court was erroneous. The appellant was entitled to recover under the facts recited in the bill of exceptions.

The judgment is reversed, and the cause remanded.