# *Ex parte* The City Council of Montgomery, *in re* Knox.

*Application for Certiorari, etc., to Circuit Judge, in matter of Proceedings on Habeas Corpus.*

1. *License-tax on occupations; power of municipal corporation to impose.*—That the General Assembly, not being restrained by any constitutional provision, may delegate to a municipal corporation the power to license or tax occupations, trades, employments, and professions, is not now an open question in this State; and this power it has delegated to the city of Montgomery, whose charter expressly authorizes the mayor and aldermen to pass laws for the assessment, levy and collection of taxes, *inter alia*, "on lawyers, doctors," etc.

2. *Constitutional limitation on municipal taxation.*—The constitutional provision which limits municipal taxation on property to "one-half of one per cent. of the value of such property as assessed for State taxation during the preceding year" (Art. 11, § 7), has no reference to specific taxes which may be imposed on privileges.

3. *License-tax on occupations; how enforced.*—The power to tax occupations, privileges, etc., includes the power to license them, and to compel the payment of the license-tax as a condition precedent to entering upon such occupation, or exercising such privilege; and a municipal ordinance which inflicts the punishment of hard labor for the city, within the limits fixed by the charter, on a citizen who refuses to pay the prescribed tax, and yet engages in an occupation for which a license is required, is not objectionable.

4. *Municipal tax on lawyers.*—A municipal corporation may, when the power is expressly granted by its charter, impose a tax on lawyers, as the price of a license to practice their profession within the city, although no tax is imposed on the profession by the State.

5. *Same, in Montgomery, Mobile, and Selma; suspension of general law, for benefit of corporation.*—The general statute which forbids cities, towns and counties to impose a tax on any business or occupation which is not taxed by the State (Code, § 499), expressly excepts the cities of Montgomery, Mobile and Selma from its operation; and this exception is not violative of the constitutional provision (Art. 4, § 25) which prohibits the suspension of any general law by the legislature, "for the benefit of any individual, corporation, or association."

6. *Habeas corpus; power of circuit judge to discharge under.*—When a person is in custody under a sentence to imprisonment, or hard labor, imposed by the mayor of a municipal corporation, within the exercise of his lawful jurisdiction, for the violation of a valid city ordinance, a circuit judge has no power to discharge him on *habeas corpus;* and a discharge by him in such

[Ex parte City Council of Montgomery, in re Knox.]

case, being void, is no obstacle to a re-arrest of the prisoner under the judg-. ment of the mayor.

7. *Same; proceedings, how reviewed.*—The statute which gives an appeal to this court, from the judgment of a judge of the Circuit Court or City Court, "on application for writs of *certiorari, supersedeas, quo warranto, mandamus*, and *other remedial writs*" (Code, § 3923), does not apply to proceedings on *habeas corpus :* when a discharge is improperly granted, to a person who is in custody under a valid sentence imposed by the mayor of a municipal corporation, the proper remedy, by which to review the proceedings, is a petition to this court for a writ of *certiorari*, under the practice prescribed in *Ex parte Croom & May*, 19 Ala. 561.

In this case, a petition was filed in this court, in the name of the State, on the relation of the City Council of Mont-gomery, asking for a *certiorari*, or such other remedial writ as might be necessary, directed to the Hon. JAS. Q. SMITH, judge of the second judicial circuit, to remove into this court for revision the proceedings had before said circuit judge on a petition for *habeas corpus* sued out by Robert H. Knox, to procure his discharge from custody and imprisonment under a judgment and sentence rendered by the mayor of the city of Montgomery, for an alleged violation of a municipal ordi-nance. The ordinance imposed on lawyers a tax of sixteen dollars, as the price of a license for practicing their profes-sion in the city of Montgomery, and provided that any per-son who engaged in any business or occupation, or practiced any profession, for which a license was required, without hav-ing first procured a license as required, shall be guilty of a misdemeanor, and shall be fined, for each day, not less than ten, nor more than one hundred dollars ; and by another ordi-nance it was further provided, that "when any person is con-victed and fined for a breach of a city ordinance, and fails to pay the fine and costs, the mayor may commit him to custody, or to labor on the streets or other works of the city, one day for every dollar of the fine and costs, but not exceeding ·one hundred dollars in all for any one offense." Knox was a law-yer, regularly licensed by the Supreme Court, and practicing his profession in Montgomery ; and having failed to take out a license, as required by the city ordinance, he was ar-rested, and tried in the mayor's court, before one of the alder-men acting as mayor ; and being found guilty, he was fined fifty dollars and costs, and, in default of payment, was sen-tenced to hard labor for the city, for the term of fifty-three days. Knox thereupon sued out a writ of *habeas corpus*, re-turnable before the Hon. J. Q. SMITH ; and on the hearing of the case, the only evidence being the judgment against him and the several ordinances under which the proceedings were had, the circuit judge discharged him. A copy of the city ordinances, the judgment and sentence against Knox, and the

proceedings on the petition for *habeas corpus*, were made exhibits to the petition filed in this court ; and the prayer of the petition was for a *certiorari, mandamus*, or other remedial writ, to bring the proceedings on *habeas corpus* before this court for review.

BRAGG & THORINGTON, for the petitioners.

R. M. WILLIAMSON, *contra.*   (No briefs on file.)

BRICKELL, C. J.—By the charter of the city of Montgomery, the General Assembly has conferred on the mayor and aldermen power to assess, levy and collect, annually, a tax not exceeding one half of one *per centum* on the value of real estate ; and also " power and authority to pass laws for the assessment, levy and collection of taxes " on various occupations, trades, employments, and professions ; and among others, " on lawyers, doctors, dentists, photographers, and daguerrean artists, a tax not exceeding fifty dollars *per annum.*" It is not now to be doubted that, in the absence of constitutional restraint or limitation, the General Assembly may delegate to municipal corporations the power of taxation, in such manner, and to such extent, as it may deem expedient. It can not confer on these corporations the power to tax persons or property which it does not itself possess ; nor can the delegation exceed any limitation the constitution may impose. But, keeping within the boundaries of its own power, to municipal corporations it may delegate the power to tax any and every subject of taxation within the corporate limits, for municipal purposes, which the State can tax for its own purposes. Not being restrained by the constitution, that the power to license or tax occupations, trades, employments, and professions, may by the General Assembly be delegated to municipal corporations, is not now, in this court, an open question.—*Yuille v. Mayor*, 3 Ala. 137 ; *Carroll v. Mayor*, 12 Ala. 173 ; *Osborne v. Mayor*, 44 Ala. 493 ; *Goldthwaite v. City Council*, 50 Ala. 486 ; *City Council v. Shoemaker*, 51 Ala. 114.

2. The only limitation on the power of the General Assembly, in respect to municipal taxation, is found in the seventh section of the eleventh article of the constitution, and, so far as is now material, reads thus : " No city, town, or other municipal corporation, other than provided for in this article, shall levy or collect a larger rate of taxation in any one year, on the property thereof, than one-half of one *per-centum* of the value of such property, as assessed for State taxation during the preceding year," &c. It is only necessary now to

say, that this section is intended to define the extent of direct municipal taxation on property, guarding against arbitrary taxation according to kind or quality, without regard to value; and has no reference to specific taxes, which may be imposed on privileges.—Burroughs on Taxation, 67 ; Dillon on Mun. Corp. §§ 592-94.

3. The ordinance of the city of Montgomery requires, that any person, engaged in any trade, business, or profession, on which a tax is imposed, shall therefor obtain license. Engaging in such business, without obtaining license, is declared a misdemeanor ; and for each day such business, trade, or profession is carried on without license, a fine of not less than ten, nor more than one hundred dollars, may be recovered. It is now urged, that the ordinance is void—that the express power of taxation, which is conferred, does not include the power to exact a license as a condition to engage in any of the trades, &c., which may be taxed. The power to tax occupations, privileges, &c., includes the power to license them, and to compel the payment of the tax as a condition precedent to entering upon such occupation, or exercising such privilege.—Burroughs on Taxation, 392 ; *City Council v. Shoemaker, supra.*

Nor can we perceive that the ordinance is objectionable, because it visits with punishment by hard labor for the city a citizen who refuses to pay the tax, and yet engages in any one of the occupations for which a license is required. In that respect, the ordinance is similar to the revenue statutes of the State ; and unless such penalties are imposed, the corporate power of taxation could be defied and nullified by the refractory. The charter expressly confers on the city council the power to enact ordinances with penalties ; and declares that " all persons convicted of any breach of the laws and ordinances of the city, failing to pay any fines and costs that may be imposed," may be placed at work and labor for the city, or under its direction, until such fine and costs are paid.

4. The omission of the State to tax lawyers does not affect the express power of the city to impose a tax upon them. That power is not thereby abrogated. It is of frequent occurrence, that the State omits to impose taxes of this kind, or omits some particular subject of taxation, to which the power of taxation of municipal corporations extends, and no diminution of that power is intended. At one period in the history of the State, for six or seven years, no State taxes were levied ; but it was never supposed that, in consequence, the power of municipal corporations, conferred by their charters, was affected.

[Ex parte City Council of Montgomery, in re Knox.]

5. The cities of Mobile, Montgomery and Selma are excepted from the operation of the section of the Code which forbids cities, towns, or counties, to tax business, occupations, &c.—Code of 1876, § 499. The exception is not violative of the last clause of the 25th section of the fourth article of the constitution, which inhibits the General Assembly from suspending any general law, "for the benefit of any individual, corporation, or association." We do not incline to the opinion, that any other than private corporations are within the operation of this provision. But, without expressing any opinion upon that point, we can not suppose that it was intended to limit the power of the General Assembly, when enacting general laws, to except from their operation persons or things which would be otherwise included. It so, the exceptions in the statute of limitations, in favor of the insane, or of infants, or of married women, would be violative of the constitution. It is the suspension, the temporary stopping of existing laws, for the benefit of individuals or corporations, the constitution forbids; and not the power of the General Assembly, when enacting general laws, to determine whether there may, or may not, be persons or subjects which ought to be excepted from their operation.

6. The city council did not exceed its power in the imposition of the tax, nor in any of the ordinances which have been passed to enforce its collection. The jurisdiction of the mayor, or of the alderman acting in his stead, to adjudge whether Knox had violated the ordinance, not being disputed, it follows, that the circuit judge had not jurisdiction, on *habeas corpus*, to discharge Knox from imprisonment; and his action in the premises is simply void, furnishing no obstacle to re-arrest under the judgment of the mayor.

The remedy of the petitioner, however, was by appeal under the statute.—Code of 1876, § 3923. Prior to that statute, an appeal could not have been prosecuted from the judgment of the circuit judge, and the mode of revision now pursued would have been proper. No extraordinary remedial writ is awarded, when the law furnishes another specific and adequate remedy. For this reason, the present application must be denied.

NOTE BY REPORTER.—On application by the petitioner's counsel, for a rehearing on the last point above decided, as to the proper remedy to be pursued in such cases, the following opinion was delivered on a subsequent day of the term:

PER CURIAM.—After a careful consideration of the application for rehearing, we are of the opinion, that the statute

[Hemphill v. Moody.]

(Code of 1876, § 3923) is inapplicable to cases of this character, not strictly civil, but *quasi* criminal. The result is the practice pursued by the petitioner is correct; and pursuing the practice observed in *Ex parte Croom & May*, 19 Ala. 561, a writ of *certiorari*, returnable at any day of the present term, will be awarded, unless, on being informed of this opinion, the Circuit Court shall vacate and annul the judgment and proceedings upon the writ of *habeas corpus*..