[Nashville, Chattanooga and St. Louis Railway v. City of Attalla.]

there has been any diversion of the gross earnings from the employes, directly or indirectly, to the bondholders; nor that the claims are for services rendered in such betterment and permanent improvement of the mortgaged property, enuring to the benefit of the bondholders in the enhancement of the value of their security, as is within the meaning of the rule governing the application of the doctrine; nor that the labor of claimants was necessary to continue the business of the corporation, or if so, that such continuance was to the advantage of the bondholders, or necessary in the conservation of their interests, nor that any income out of which, or because of the receipt of which, the wages for this labor should be paid, had been realized by the receiver from his administration and operation of the business of the corporation. The most that is shown is the bare fact that a few of the claimants rendered services as mechanics, motormen, or conductors within a certain period. The equity of an employe to have his claim preferred and declared superior to that of the bondholders does not arise out of these facts, but out of some of the facts or circumstances stated above, as to which there is a total want of evidence.—*Drennen v. Mercantile Trust & Deposit Co.*, 115 Ala. 592. The court below did not err in overruling the exception of these appellants to the register's report and in confirming the report. The decree *pro confesso* against appellant Dean was properly rendered, and the errors assigned in his behalf are not well taken.

Let the decree of the city court be affirmed.

# Nashville, Chattanooga & St. Louis Railway v. City of Attalla.

*Bill in Equity by a Railroad to enjoin the Prosecution of its Agent for the Violation of a City Ordinance.*

1. *Charter of municipality; construction of ordinance; can not exceed power granted by charter.*—Where an act incorporating a municipality confers the power upon the municipal

[Nashville, Chattanooga and St. Louis Railway v. City of Attalla.]

authorities to punish the violation of its ordinances by fine and by "imprisonment *or* hard labor for the city," an ordinance of such municipality, which provides that upon the violation of a certain ordinance, the offender may be fined or may be "imprisoned *and* sentenced to hard labor" for the city is in excess of the power granted by the charter to affix penalties for the violation of city ordinances; and so much of the penalty fixed by the ordinance as is in excess of the power granted by the charter, can not be imposed or enforced.

2. *Construction of municipal ordinance; engaging in business without taking out license a continuous act, and not violated each day business is carried on.*—The engaging in or carrying on business implies a continuous occupation; and, therefore, a city ordinance which makes it unlawful for a person, firm or corporation "to engage in or carry on any business," for which a license is required, without having first paid for and taken out a license, does not authorize the prosecution and punishment of a person violating such ordinance each day he carries on the business, until the license is taken out, as for a separate and distinct offense.

3. *License tax on occupation; power of municipal corporation to impose.*—The General Assembly, not being constrained by any constitutional provision, may delegate to municipal corporations the power to impose a license tax upon businesses and professions.

4. *Same; agent of corporation engaging in business without license can be prosecuted.*—The agent of a corporation carrying on the business of the corporation without a license therefor being taken out, as required by an ordinance of the city where the business is engaged in, may be prosecuted and convicted for the violation of such ordinance.

5. *Same; determination of reasonableness of license.*—The reasonableness or unreasonableness of a license tax imposed by ordinance of a city, for engaging in or carrying on a business, cannot be determined by the extent of the business of a single individual, since there may be competition or negligence, or other considerations affecting the extent of such business.

6. *Same; equity of bill to enjoin prosecution for violation of ordinance prescribing license tax.*—Where a municipality has authority to impose a license tax upon persons engaging in or carrying on a business, and such tax is imposed by ordinance duly ordained, and the ordinance is reasonable and valid, a person or corporation who refuses to pay such license tax can not, without paying or offering to pay such tax, seek the aid of a court of equity, for the protection of its franchises, or to prevent interference with its exercise,

[Nashville, Chattanooga and St. Louis Railway v. City of Attalla.]

by seeking to enjoin the prosecution of its agent for the violation of such ordinance.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. J. R. DOWDELL.

The bill in this case was filed by the appellant against the appellee. The facts of the case are sufficiently stated in the opinion. The defendant moved to dissolved, and the bill dismissed for the want of equity. bill for the want of equity.

On the submission of the cause on this motion, the court granted the motion, and ordered the injunction dissolved and the bill dismissed for the want of equity. From this decree the complainant appeals, and assigns the rendition thereof as error.

OSCAR R. HUNDLEY, for appellant.—1. The arrest and fining of the agent Harper were illegal and void. Hence, an unlawful interference with appellant's rights as a common carrier. Granting, for the sake of argument, that the city of Attalla, under its charter, had the right to enact the ordinance for the purposes claimed, to-wit, to require "railroad companies" to pay a license tax, there can, in our humble judgment, be no possible doubt about the proposition, that under the ordinances adopted, the city of Attalla had no right whatever to arrest and fine the agent of the railroad company, in a criminal prosecution for what the corporation had failed to do. The city could not collect its tax from the corporation in that way. Its proper remedy was by an action at law against the corporation.—*City of Anniston v. Southern Railway,* 112 Ala. 557; *Carter v. State,* 44 Ala. 29; *Espy v. State,* 47 Ala. 533; *Perkins v. State,* 50 Ala. 154.

2. If the arrest of the agent Harper was illegal and unwarranted, then the proper remedy was by injunction to prevent the continuance of this wrong, whereby there was an unlawful invasion or disturbance of the franchise of the appellant.—*Pate v. Hinson,* 104 Ala. 599. The right to maintain a bill in equity to restrain a municipal corporation from enforcing an ordinance, under the facts as averred in this case is clear, either if the ordinance is void, or if complainant is not within its

terms.—*City Council v. L. & N. R. R. Co.*, 84 Ala. 127; *Port of Mobile v. L. & N. R. R. Co.*, 84 Ala. 123.

3. No court of law can adequately estimate the damages which would accrue from the interference with a railroad in the transaction of its business under its charter. In fact, there is no remedy whatever at law. Who is responsible for any damages that might accrue to the complainant from the passage of the law? No one. However void, and with whatever malicious intent such an ordinance might have been adopted, neither the aldermen nor the city is responsible in damages.—Mechem on Public Officers, §§644-646; *Jones v. Loving*, 30 Am. Rep. 508; *Amperse v. Winslow*, 42 N. W. Rep. 823.

4. The ordinances being highly penal in their nature, must be strictly construed against the city of Attalla, and the unmistakable tendency of modern decisions is toward a liberal doctrine along the line of restraining oppression any tyrannical action of municipal corporations. "An injunction may be granted against the enforcement of a city ordinance to prevent a multiplicity of actions."—*Rushville v. Rushville Natural Gas Co.*, 15 L. R. A. 322; *South Covington &c. R. R. Co. v. Berry*, 15 L. R. A. 604; *Mayor, &c. v. Meserole*, 26 Wend. (N. Y.) 132; *Third Avenue R. R. Co. v. Mayor of New York*, 54 N. Y. 159.

B. P. HAMMOND and AIKEN & MARTIN, *contra.*—The appellant is certainly a corporation, and is doing a business inside the corporate limits of Attalla by agent. *Moore v. City of Eufaula*, 97 Ala. 670; *Anniston v. Railway Co.*, 112 Ala. 557; *A. G. S. R. R. Co. v. Bessemer*, 113 Ala. 668; *Holt v. Birmingham*, 111 Ala. 369.

Even if the ordinance was void, a court of equity would have no authority or right to enjoin the appellee from proceeding against the agent of appellant.—*Burnett v. Craig*, 30 Ala. 135; *Moses v. Mayor*, 52 Ala. 198. It has been decided by the Supreme Court of the United States that one can not enjoin the collection of an illegal and void license tax, unless irreparable injury will ensue or there is some equitable ground.—*Shelton v. Platt*, 139 U. S. 591.

COLEMAN, J.—The bill was filed by the appellant to enjoin the prosecution of its agent by the city of Attalla for doing business without a license. Section 14 of the act incorporating the town of Attalla, (Acts, 1888-89, p. 811), confers upon the corporate authorities, by ordinance, power to impose fines and penalties within the limitations of the act, for "doing business, carrying on any trade," etc., without license; and by sub-div. 1 of section 11 of the act of incorporation, the extent of the power to punish is fixed and limited. The schedule of licenses prescribed by ordinance fixes that "for engaging in or carrying on the business of" transporting freight and passengers from Attalla to other points in the State, for the year 1898, at one hundred dollars.

Section 6 of the ordinance reads as follows: "Be it further ordained, that any person who shall engage in or carry on any business, trade or profession, for which a license is required, without first taking out such license, shall, on conviction, be fined not less than five dollars, nor more than one hundred for each offense, and may be imprisoned *and* sentenced to hard labor on the streets, not longer than thirty days, one or both, at the discretion of the mayor." The authority conferred by sub-div. 1 of section 11, *supra*, is, that for a violation of its ordinances and by-laws, the town may "affix thereto such penalties, by fine not exceeding one hundred dollars, and by imprisonment *or* hard labor for the city not exceeding thirty days." The authority conferred by the charter is, that the town may affix the punishment of "imprisonment" *or* "hard labor for the city not exceeding thirty days;" whereas, by the ordinance, the person convicted is punishable by imprisonment *and* hard labor for the city, one or both, at the discretion of the mayor. The penalty fixed by the ordinance is in excess of that granted by the charter.

The bill avers that its agent was arrested for a violation of the ordinance on the 26th of January, 1898, and fined on the 2d of February, 1898; that he was arrested again on the 4th of February, after, and fined again on the 5th of February, following, each fine being for fifty dollars; and avers that the "mayor and city authorities are still continuing to arrest and fine complainant's agent, and have given notice that they will continue to

arrest said agent every day or every other day, and to fine him every day, or every other day, until complainant pays the said license tax." We are of opinion that, conceding the ordinance to be valid, there is no authority for its enforcement in the manner averred in the bill. Under no circumstances, is the city authorized to impose a greater penalty than a fine of one hundred dollars and imprisonment, or hard labor not exceeding thirty days, for a single offense. Section one of the ordinance fixing licenses for the year 1898, is, that it shall be unlawful for any person, firm, company or corporation "to engage in or carry on any business," trade or profession, for which license is required, without having paid for and taken out a license thereon as hereinafter provided.

Section 2 ordains that the license required of complainant is fixed at $100.

Section 6 has been stated. It provides for the punishment of any person "who shall engage in or carry on any business," without taking out the license, by fine, etc. The ordinance fixes the licenses for the year 1898, for engaging in or carrying on the business, and a separate provision is made for those who begin business after the first of July of the year.

In the case of *Abel v. The State*, 90 Ala. 631, we considered the question to some extent as to what constituted an "engaging in or carrying on business by" a wholesale liquor dealer, and we held, that "if a party makes all necessary preparations to carry on the business, holds himself out as a wholesale liquor dealer and solicits trade as such, and makes one sale in violation of law, intending to continue the business, he is engaged in or is carrying on the business, within the meaning of the law." We adhere to the definition as correct; but it does not follow that each and every act of sale or each day that he might continue in the business thereafter, constitutes a distinct and separate "engaging in" or "carrying on a business." It is contrary to the statute to engage in hunting on Sunday. If a person hunts but an hour and stops, he violates the statute; but if he continues to hunt during the entire day without cessation, he is guilty of but one offense. "Engaging in" or to "carry on" implies that it is con-

tinuous. An offense is single, and its "quantity," so to speak, can not be multiplied into separate offenses. *State ex rel. Truesdale v. Town Council,* Rice Rep. 158; *Mayor and Aldermen v. Ordrenan,* 12 Johns. Rep. (N. Y.) 122; *Crepps v. Durden,* Cowp. 640; *Marshall v. Smith,* 8 Court of Com. Pleas, 416.

We can conceive of no sound argument in favor of the proposition that complainant, engaged in the business of running trains into the town of Attalla, was engaged in a separate and different business each day, so as to authorize a prosecution of its agent each day or each alternate day, upon the proposition that he was guilty of separate and distinct offenses. Statutes which prohibit the "engaging in or carrying on" business without license, must not be confounded with those which declare single acts, such as the selling of vinous, spirituous or malt liquors without license, to be misdemeanors.

We are clearly of the opinion that it was competent for the legislature to confer the power upon the town of Attalla to impose a license tax upon business and professions, and it seems to be the settled law in this State, that an agent may be prosecuted for engaging in the business for which his principal has not taken out a license.—*Elsberry v. The State,* 52 Ala. 8; *Ex parte City Council of Montgomery,* 64 Ala. 463; *City Council v. Shoemaker,* 51 Ala. 114; *Ex parte Schmidt,* 2 Tex. App. 196; *Abel v. The State, supra.* Many other cases might be cited. We can not say, from the averments of complainant's bill, that the license tax is unreasonable. The reasonableness or unreasonableness of a license tax can not be determined by the extent of the business of a single individual. There may be competition, or negligence on his part, or other considerations affecting the extent of the business of complainant.

In the case of *Moses v. Mayor of Mobile,* 52 Ala. 192, following other decisions of this court, it was declared to be the general rule that "Courts of equity will not interfere to stay proceedings in criminal matters, whether the prosecution be for violation of State laws, or the infraction of municipal ordinances;" but the exception was observed, when the enforcement of an ordinance would destroy the right to exercise a franchise,

[Booth v. Dexter Steam Fire Engine Co.]

and there was no reasonable doubt as to the validity of the ordinance. And in the case of the *Port of Mobile v. Railroad,* 84 Ala. 115, the Port of Mobile was enjoined from enforcing an ordinance. See also the case of *L. & N. R. R. Co. v. City of Montgomery, Ib.* 127.

We are of opinion that complainant's bill is without equity for a reason different from any we have been considering. It follows from what has been said, that the town of Attalla had authority to impose a license tax upon the business of complainant, that it was imposed by ordinance duly ordained, and that the ordinance is reasonable and valid. It appears from complainant's bill, that it has refused to pay the license tax, and it makes no offer to pay the same. Being in the wrong itself, it is not entitled to the aid of a court of equity for the protection of its franchise, or to enjoin interference with its exercise. We are of opinion the bill should have been dismissed without prejudice. As thus modified the decree will be affirmed.

Modified and affirmed.