# Gamble v. City Council of Montgomery.

*Prosecution for Violation of City Ordinance for Carrying on Business Without a License.*

1. *License Tax; Municipal Authority to Enforce.*—It is the settled law in this State that the legislature can confer upon cities and towns the power to impose a license tax upon business.                                                          --

2. *Same; When not Unconstitutional.*—If the tax is not unreasonable, and does not in its operation discriminate against one and in favor of another member of the same class, it is not violative of either the State or Federal Constitution.

3. *City Ordinance; Presumption of Reasonableness.*—When the question of the reasonableness of a city ordinance is raised, and it has reference to a subject matter within the corporate jurisdiction of the city, it will be presumed to be reasonable, unless the contrary appear upon the face of the law itself, or is established by proper evidence.

4. *Taxation; Uniformity of; When Rule not Violated.*—A city ordinance, imposing upon persons engaged in the business of furnishing trading stamps to merchants to be distributed among their customers for use in the purchase of other merchandise, a larger tax than that imposed upon merchants carrying on an ordinary mercantile business, is not violative of the constitutional provision requiring uniformity of taxation.

APPEAL from Montgomery City Court.

Tried before the HON. W. H. THOMAS.

The appellant in this case, J. E. Gamble, was tried and convicted before the recorder of the city of Montgomery for a violation of the city ordinance for carrying on without a license, the business of furnishing trading stamps to merchants to be distributed by them to their customers for use in purchasing other merchandise. An appeal was taken by the defendant to the city court of Montgomery, wherein upon proper proceedings had the

[Gamble v. City Council of Montgomery]

defendant was again convicted, and, from such judgment of conviction, takes the present appeal to the supreme court.

The complaint filed by the city of Montgomery, using the language of the ordinance imposing a license for conducting the business of furnishing trading stamps to merchants, charged the defendant with carrying on such business without a license. The amount of the license imposed upon the business conducted by appellant, by the ordinance of the city of Montgomery, is $400.00, while the license imposed upon persons conducting an ordinary mercantile business is graduated upon the maximum amount of stock on hand during the previous year.

On the trial in the court below, the appellant raised the question of the validity of the ordinance imposing the license by a motion to quash the complaint and the prosecution, and by demurrers to the complaint, contending that the ordinance was void because "oppressive, discriminating, prohibiting, unreasonable;" "Not authorized by the city charter"; "Double taxation"; "Because license imposed on merchants issuing trading stamps is an arbitrary sum, while license imposed on merchants is based upon maximum stock on hand during previous year." The motion to quash and the demurrers were overruled, and the defendant interposed the plea of not guilty; and the trial resulted in a conviction.

HILL, HILL & WHITING, for appellant.

RAY RUSHTON, for appellee.

ANDERSON, J.—The sole question involved in this appeal is the validity of the ordinance under which this defendant was convicted in the court below.

Section 10 of the act of 1894, page 635, provides "That said city council shall have the power to license all business, trades, occupations and professions not prohibited by the constitution and laws of the state of Alabama."

It is settled law in this state that the legislature can confer upon cities and towns the power to impose a license tax upon businesses and professions.—*N. C. & St. L. Ry. v. Attalla,* 118 Ala. 362; *Elsberry v. State,* 52 Ala.

8; *Ex parte City Council of Montgomery,* 64 Ala 463; *City Council v. Shoemaker,* 51 Ala. 114; *Abel v. State,* 90 Ala. 631; *City Council of Montgomery v. Kelly,* in MS.

If the tax is not unreasonable, oppressive, or prohibitive, it will be upheld by the courts, and is not violative of the constitution, unless in its operation it discriminates against one and in favor of another member, of the same class. "We may concede that, when a tax is imposed on avocations or privileges or the franchises of corporations, it must be equal and uniform. The equality and uniformity consists in the imposition of a like tax upon all who engage in the avocation, or may exercise the privilege."—*Phoenix Carpet Co. v. State,* 118 Ala. 151.

"So long as the burden falls with equal weight upon every member of a given class, natural and artificial alike, it is difficult to formulate an argument that such levy violates any provision of our own or of the federal constitution."—*Quartlebaum v. State,* 79 Ala. 4.

In the case at bar we have no evidence that the tax imposed is unreasonable or prohibitive. So far as we know, the defendant could well afford to pay the tax and conduct a lucrative and profitable business. The bill of exceptions sets out the amount of stock carried, and total amount for sale of stamps, but does not mention how many of said stamps have been redeemed. It may be that two-thirds of them have not and never will be presented. Besides they are only redeemed after a purchaser of goods has preserved all of his checks to the amount of $500. If purchasers do not preserve checks to the amount of $500, the checks avail them nothing, and go towards making up the profits of the defendant. The rule applies here, that when the question as to the reasonableness of a city ordinance is raised, and it has reference to a subject-matter within the corporate jurisdiction of the city, it will be presumed to be reasonable, unless the contrary appears upon the face of the law itself, or is established by proper evidence.—*Van Hook v. City of Selma,* 70 Ala. 361; *Commonwealth v. Patch,* 97 Mass. 221; *St. Louis v. Weber,* 44 Mo. 550; *Wiggins Bridge Co. v. East St. Louis,* 107 U. S. 365; also notes 5 and 6, L. R. A. 30, page 432.

[Gamble v. City Council of Montgomery]

The defendant contends that the tax in question is not uniform, in that it discriminates against him, and he introduces an ordinance fixing the tax on merchants, whose capital in business is the same as his, at $24.00, instead of 400.00. And the question that presents itself for our consideration, and which is decisive of this case, is does the defendant belong to the class of merchants included in the last mentioned ordinance? We think not. And think that the business in which the defendant was engaged is of such a character as to not prohibit the imposition of a license tax greater than the one imposed on ordinary merchants.

These views are not in conflict with the case of *Shugart v. State*, 138 Ala. 86, which simply decided that "Issuing trading stamps" was not violative of the statute against lotteries and gift enterprises.

The judgment of the city court is affirmed.

McCLELLAN, C. J., TYSON, DOWDELL, SIMPSON, and DENSON, JJ., concur.


The last three cases were prepared by Mr. Coleman, while reporter, but were mislaid, and are now reported as he had them prepared. (Reporter.)