(78 South. 638)

DUNLAP v. STATE. (6 Div. 409.)

(Court of Appeals of Alabama. May 7, 1918.)

1. LICENSES ⬅⇒29—SLOT MACHINES—FEE.

A license tax of $5 per annum upon each penny-in-the-slot machine is not prima facie unreasonable.

2. LICENSES ⬅⇒29 — SLOT MACHINES — AMOUNT OF TAX.

Reasonableness of license tax on slot machine is not determined by the business done, nor with reference to slot machines when used for the sale of a single kind of merchandise.

3. LICENSES ⬅⇒7(3)—DISCRIMINATION—UNIFORMITY OF TAX.

A flat license tax of $5 per annum on all penny-in-the-slot machines is not in violation of the constitutional provision as to extent or uniformity of tax rate on property, or as to discrimination.

4. LICENSES ⬅⇒29—TAXES.

Mere fact that flat license tax of $5 per annum on slot machines would make it unprofitable to vend chewing gum by use of such machine does not establish that the tax is prohibitive, since the machines could be used for other purposes.

5. LICENSES ⬅⇒7(8)—DOUBLE TAXATION.

That an ad valorem tax is paid on the slot machine does not establish that imposition of a license tax for the use of the machine is double taxation.

6. LICENSES ⬅⇒5—POWER TO TAX.

Not being prohibited by the Constitution, the power to tax occupations, trades, and businesses resides in the Legislature.

7. LICENSES ⬅⇒3—TAXATION.

The power to tax includes the power to license and to compel payment of the taxes as a condition precedent to engaging in the business regulated.

8. LICENSES ⬅⇒29—AMOUNT OF TAX—DISCRETION OF LEGISLATURE.

Since the Legislature has the legal right to impose a privilege tax, the amount of the imposition is a matter within its discretion.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

F. S. Dunlap was convicted of operating a penny-in-the-slot machine without a license, and he appeals. Affirmed.

Frank S. Andress, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and W. S. Welch, of Bessemer, for the State.

SAMFORD, J. Section 1, subsec. 62, of the revenue law (Acts 1915, p. 509) provides a license "for each penny-in-the-slot machine $5.00." Section 1 of the act requires the payment of the amount of the license, and section 7 provides a penalty for violating the requirements of the law. The prosecution was begun by affidavit, and on the trial in the circuit court the solicitor filed an information based upon the affidavit, and properly charging the offense; to this information the defendant filed demurrer, raising the question of the constitutionality of the section under which the proceedings were had. In view of the undisputed evidence in the case, we take it that a determination of the demurrer involves the whole question presented.

[1-4] The tax imposed is $5 per annum for each penny-in-the-slot machine, and prima facie is not unreasonable. The reasonableness of a license tax is not determined by the business done by a single individual (N. C. & St. L. v. Attalla, 118 Ala. 362, 24 South. 450), nor should it, we think, be determined with reference to slot machines when used for the sale of a single kind of merchandise. The law is not discriminatory, as the imposition of the license is on all alike. It might not be a profitable way to sell chewing gum, but that does not establish the fact that slot machines could not be operated profitably in other ways, and for the sale of other articles. The license is not upon chewing gum nor upon dealers in chewing gum, but upon penny-in-the-slot machines, for whatever purpose or purposes they may be operated. The chewing gum merchant can sell his wares in the regular way without being subject to the license, but if he elects to operate or use a device for which a license is required, he pays the license on the device, and not on the chewing gum. The law is not a prohibition of the use of the machine, but merely places a license for its use, which is not in violation of constitutional provisions as to extent or uniformity of tax rate upon property or as to discrimination. Phœnix Carpet Co. v. State, 118 Ala. 143, 22 South. 627, 72 Am. St. Rep. 143.

[5-7] Paraphrasing what was said in Quartlebaum v. State, 79 Ala. 2, with regard to sewing machines:

"We may be pardoned for saying that where persons use a penny-in-the-slot machine for the purpose of selling chewing gum, they do it as a business. This is common knowledge, of which we cannot be supposed to be ignorant."

The license is charged for the use of the machine as a business, and therefore the fact that an ad valorem tax is paid on the value of the machine itself would not make the license double taxation. 13 R. C. L. 486. Not being prohibited by the Constitution, the power to tax occupations, trades, businesses, etc., resides in the Legislature. Jones v. Paige, 44 Ala. 657; Cousins v. State, 50 Ala.

113, 20 Am. Rep. 290; Goldthwaite v. City Council, 50 Ala. 486; City Council v. Shoemaker, 51 Ala. 114. The power to tax includes the power to license, and to compel the payment of the tax as a condition precedent to engaging in the business. City Council v. Shoemaker, supra; Ex parte City Council, 64 Ala. 463.

[8] The Legislature having the legal right to impose a privilege tax, the amount of the imposition is a matter within its discretion. Knoxville & C. R. R. Co. v. Harris, 99 Tenn. 684, 43 S. W. 115, 53 L. R. A. 921. We find no error in the record, and the judgment is affirmed.

Affirmed.