In the Matter of the Application of ROWE CIGARETTE SERVICE Co., INC., Petitioner, for a Certiorari Order against MARK GRAVES and Others, State Tax Commissioners, as and Constituting the State Tax Commission of the State of New York, Defendants.— Certiorari to review a determination and assessment by the State Tax Commission, dated May 25, 1934, of the retail sales of tangible personal property made by the petitioner, pursuant to article XVII of the Tax Law, amounting to $10,937.59. The petitioner owned cigarette vending machines, that it installed in business places, upon the signing by the owner of a set of papers, each machine when full containing 100 packages of various kinds of cigarettes, to be withdrawn therefrom upon the insertion of coins in appropriate slots. According to the paper signed by the owner of the premises the machines were installed without cost to him, and he was to " buy " all cigarettes from petitioner, and " pay " fifteen cents per package, if less than 120 packages a month were disposed of, and from that a price to thirteen cents a package, if larger amounts were disposed of through the machine. At that time the general price of cigarettes was fifteen cents per package. " Payment " for cigarettes was to be made upon delivery, and " rebates " were to be made to the owner each month. One cent a day was " charged " to cover insurance on the machine, which continued to be owned and to be removable at any time by the petitioner. Each machine was locked so as to prevent the insertion or removal of cigarettes, except in the way indicated, and to prevent the removal of moneys therefrom; and the petitioner held the key. The petitioner refilled the machines as often as was necessary, and removed all money therefrom, and then delivered to the owner of the premises the amounts of money, if any, to which he was entitled. In the common and legal acceptation of these terms, the owner of the premises did not buy or sell any cigarettes, made no payments to the petitioner, and received no rebates, and was charged with nothing. The cigarettes and money were always under lock and key, and he neither handled nor had access to the cigarettes or the money. The papers signed by the owner, as we believe, were a mere subterfuge to indicate that the sales were not made by the petitioner, and thus avoid the payment of tax. The exhibits make it clear that the so-called contracts were mere matters of form; since the body of the alleged contract contained the name of one person, but was signed with an entirely different name. Under these " contracts," there were no sales of cigarettes by the owner of the premises, but the sales were made by the petitioner. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.