## W. F. JENSEN CANDY CO. v. STATE TAX COMMISSION.

No. 5783.   Decided October 20, 1936.   (61 P. [2d] 629.)

[1]Salt Lake City v. Christensen Co., 34 Utah 38, 95 P. 523, 17 L. R. A. (N. S.) 898.

*Leon Fonnesbeck,* of Logan, for plaintiff.

*Ned Warnock,* of Salt Lake City, for defendant.

MOFFAT, Justice.

In this case the taxpayer, herein designated as plaintiff, filed a sales tax return with the state tax commission for the month of July, 1935, showing total sales in the sum of $1,818 and claiming an exemption of $1,527.10; and for the month of August, 1935, its return showed sales totaling $1,798 and claimed exemptions of $1,528.52. The amount claimed to be exempt for the two periods reported represented an accumulation of sales of merchandise, the items making up such amounts being the total of sales where the amount involved in the sale was less than 50 cents for each sale. No bad faith or intentional failure to punctually remit to the tax commission is involved. Plaintiff earnestly presents a question of law.

The plaintiff operates a confectionery at Logan City, Utah, and the agreed statement of facts admits that most of the sales made by it are in amounts less than 50 cents, and a large proportion of those are below 25 cents, with many of them being 5, 10, and 15-cent sales. Plaintiff has classified its sales according to amounts and calculated the percentages of its small sales indicating that 30 per cent of its sales are represented by 5-cent sales, 10 per cent by 15-cent sales, 15 per cent by 20-cent sales, 11 per cent by 25-cent sales, etc. It is clear that a large percentage of plaintiff's business is represented by these small sales of less than 50 cents.

Plaintiff paid the sales tax on all sales made in amounts of 50 cents and over and the total amount actually collected

for the periods reported. The tax commission, upon the returns made by plaintiff, reassessed the taxes on the basis of 2 per cent. on the total or aggregate of the sales made, and demanded a deficiency with penalty and interest. Plaintiff, feeling aggrieved, applied for a hearing before the commission for correction of the amount assessed. At the hearing the facts were admitted and the commission rendered its decision applying the 2 per cent. tax to the total sales reported, including those below 50 cents.

Upon the foregoing record the plaintiff applied for and obtained a writ of review from this court. In argument the question has been both subdivided and consolidated. The matter calling for decision involves the construction of the statute. Without subdivision, the question submitted by plaintiff is, whether a "vendor" can collect a tax on sales made by him when the sale is in an amount less than 50 cents.

Counsel for defendant suggests there are three questions of law involved in the principal question presented by plaintiff and argued, though not subdivided, and submits them as follows:

(1) "Can this plaintiff question the validity of the tax, because the tax levied is not uniform or equal?" (2) "Is the sales tax act violative of section 3 of article 13 of the Constitution of the State of Utah, as amended in 1930 because its operation is not uniform or equal?" (3) "Was it the intention of the Legislature to levy a tax on sales which involved [a tax collection of] fractional parts of a cent?"

Put otherwise, questions (1) and (2) are: Is the tax and its operation uniform and equal? This question must be answered in the affirmative. The sales tax is not a tax upon property. There is no question of classification involved. The tax levy is uniform. It affects every sale alike. We do not have that difficult problem here to determine where classification goes to the extent of violating uniformity rules or of depriving one of the equal protection of the law. For an exhaustive discussion of these principles, if interested, the reader is referred to both the prevailing and dissenting opin-

ions in the case of *Stewart Dry Goods Co.* v. *Lewis*, 287 U. S. 9, 53 S. Ct. 68, 77 L.Ed. 135.

The Sales Tax Act imposes the tax on the transaction. The amount of consideration involved in the sale or transaction (a sale always involves a purchase) is the measure to which the rate is applied. Unless otherwise indicated, the statutory references are to the Emergency Revenue Act of 1933, c. 63, as amended by chapter 20, Second Special Session Laws of Utah 1933, and chapters 91 and 92, Laws of Utah 1935. The statute provides:

"* * * there is hereby levied and there shall be collected and paid: "(a) A tax upon every retail sale of tangible personal property made within the state of Utah equivalent to two (2) per cent of the purchase price paid or charged. * * *". Section 4, as amended by chapter 20, Second Special Session Laws of Utah 1933.

The vendor or the person receiving the payment or consideration upon a sale is charged under the law with the responsibility of collecting or accounting to the State for the tax imposed. Section 5, Id. This latter section also provides:

"The vendor may, if he sees fit, collect the tax from the vendee, but in no case shall he collect as tax an amount (without regard to fractional parts of one cent) in excess of the tax computed at the rates prescribed by this act."

This is the sentence, particularly the parenthetical part of it, that provoked the differences between the parties. Plaintiff argues the parenthetical phrase, in effect, eliminates the tax on sales involving fractional parts of 50 cents; defendant argues that the vendor is required to pay all he collects, and, whether or not he collects, to pay the rate of tax imposed upon the aggregate amount of sales involved. That the tax is levied upon the transaction by the statute defined as a "sale" (section 2, Id.), has been heretofore decided by this court. *State Tax Commission* v. *City of Logan* 88 Utah 406, 54 P. (2d) 1197, 1202.

Counsel for defendant suggests that the question arises in this case because of the decisions heretofore rendered by this court in the cases of *Western Leather & Finding Co.* v.

*State Tax Commission,* 87 Utah 227, 48 P. (2d) 526, and *State Tax Commission* v. *City of Logan,* supra. The question in the former case was whether the sales described were wholesale or retail sales, and whether or not there was an attempted transfer of legislative authority to levy taxes and designate the persons who should be required to pay the tax, and also discussed the statutory definitions of "Wholesaler," "retailer," and "consumer." Unless it be maintained that the question of who should pay the tax is involved in the instant case, we find nothing in the Western Leather & Finding Company Case touching the issues in this case.

The statute, section 2(e), Id., defines "retailer" and "retail sale" as follows:

"The term 'retailer' means a person doing a regularly organized retail business in tangible personal property, known to the trade and public as such and selling only to the user or consumer and not for resale. 'Retail sale' includes all sales made within the state of tangible personal property except wholesale sales."

In the case before us it is admitted that the sales are retail sales within the statute. There is a statement in the Logan City Case, supra, that refers to the matter here presented. It is there said:

"It is argued that the city cannot collect a sales tax from a consumer who purchases electricity for a fractional part of 50 cents; that is to say, if the bill of any consumer is, say, 49 cents, no tax can be collected thereon, and likewise, if electrical energy in any given month is sold to a consumer in the amount of $1.25, a sales tax of only 2 cents is collectible thereon, and therefore if the city is required to pay 2 per cent of its total sale it will be required to pay a substantial part of the tax out of its own funds."

Except for the subject-matter of the sale, the foregoing question is the question now before us. In that case the court further said:

"Assuming, without deciding, that a vendor may not collect a sales tax on the fractional part of a 50 cent sale, still we doubt the soundness of the argument that the city may not readily devise means of passing the tax on to the consumer."

We may no longer "assume" that the vendor may or may not collect a sales tax on a sale involving a fractional part of 50 cents, or where the amount of the tax on a particular sale involves the collection of a fractional part of 1 cent. The law must now be declared. The law declares that there is levied and shall be collected and paid, as to sales involved in this case, a tax of 2 per cent. of the consideration upon every retail sale of tangible personal property. Section 4 (a), Id. The language of the statute is clear and unambiguous and must be given effect. No exemption is provided for sales where the gross amount is less than 50 cents or where the sale involving more than 50 cents fails to express its consideration in even units of 50 cents or dollars. There being no exemptions, the rate of 2 per cent. of the consideration paid or charged attaches to every sale. If the sale is a 10-cent sale, there is due to the state a tax of one-fifth of a cent. That no coins or currency of that particular denomination, or other fractional medium of exchange, are immediately available is not a matter the court may consider in determining the validity of the law. It may present a practical difficulty, but not an insurmountable one. Tokens, stamps, debit or credit balances between vendor and vendee, over and short accounts, waiver of fractions by either party to the sale, the so-called "breakdown" system [*Roth Drugs, Inc.*, v. *Johnson, State Treasurer* (Cal. App.) 57 P. (2d) 1022], may overcome the practical difficulty; but certain it is that a tax is levied upon every sale within the terms of the statute and the vendor is responsible for the collection of it. The vendor may, "if he sees fit," collect the tax from the vendee. The vendor is not permitted by the express terms of the statute to collect as a tax an amount in excess of the tax computed at the rate prescribed by the statute. The vendor has the option to collect the tax from the vendee; that is, he may, "if he sees fit," do so. He may say to the vendee, "The tax is so much. You may either pay it or 'no sale,' " or he may, if he sees fit, elect to pay or absorb the tax himself. He may not within the terms of the law require the payment

of more than the rate imposed by the statute. However, there is the parenthetical part of the statute above quoted that must be given effect, if possible, in the construction of the statute. The language is:

"But in no case shall he [the vendor] collect as tax an amount (without regard to fractional parts of one cent) in excess of the tax computed at the rate prescribed by this act."

Having in mind the general rule that taxation statutes are strictly construed against the state and in favor of the taxpayer, the language of the statute permits the collection of the tax at the rate specified and no more. It is also recognized that no method or form of taxation has yet been devised that is absolutely equal and uniform, *Salt Lake City* v. *Christensen Co.*, 34 Utah 38, 95 P. 523, 17 L.R.A. (N.S.) 898. The levy or imposition of taxes may and is intended to approach uniformity and equality. The actual collection falls short of that uniformity and equality. The expenditure is still farther from bestowing equality and uniformity of benefits and protection provided by the letter of the law. Government by law may in theory be perfect, in practice imperfect. We are all so human.

The question, however, is: What is to be said and done with regard to and under the parenthetical part of the statute (section 5), "(without regard to fractional parts of one cent)?" If the statute authorized the imposition of a tax of 1 cent on a 1-cent sale and a tax of 1 cent on a 50-cent sale, a different situation would be presented. No such provision is in the statute. The parenthetical expression came into section 5 of chapter 63, Laws of Utah 1933, by an amendment of the same section by chapter 20, Second Special Session Laws of 1933, and it appears that the Legislature recognized the difficulty of collection of fractional parts of 1 cent upon individual small sales, so it was provided the vendor might, in his option, collect the tax from the vendee without regard to fractional parts of one cent. The statute does not authorize the collection of any tax in excess of the rate imposed, but should the practical operation of the statute re-

sult in the collection of more than "the aggregate amount of the taxes due from the vendor * * * during the period for which he is required to report his collections * * *" (section 2), and "If any vendor shall, during any reporting period, collect as a tax an amount in excess of 2% of his total taxable sales, he shall remit to the commission the full amount of the tax herein imposed and also such excess." Section 5.

No penalty is imposed for the collection of an excess, but the retention of any excess collected or the intentional failure to remit punctually the full amount collected under the act is punishable by fine or imprisonment. Where neither the Constitution nor the statutes have imposed absolute restrictions, it is not within the province of the courts to do so. The statute definitely fixes the rate of tax for which the vendor is made responsible. He must account to the tax commission for "2 per cent of his total taxable sales." If he sees fit, he may collect this not to exceed 2 per cent from the vendee, "without regard to fractional parts of one cent." We think the Legislature intended to leave the adjustment of the "fractional parts of one cent" to the good sense, fairness, and judgment of the vendor and the vendee. Legally the vendor could say: "There is due on this ten-cent sale one-fifth of a cent. You should pay it." The vendee could legally reply: "True, but how am I to get my four-fifths of a cent in change if I do pay it?" "For the purposes of more efficiently securing the payment, collection and accounting for the taxes provided for under this act, the tax commission in its discretion, by proper rules and regulations, may provide for the issuance, affixing and payment of revenue stamps" (section 5, as amended by chapter 20, Second Spec. Sess. Laws 1933), tokens (*Morrow* v. *Henneford*, 182 Wash. 625, 47 P. (2d) 1016), debit and credit accounts carrying deficiencies or excesses into the next settlement period (*State Tax Commission* v. *Logan*, supra), are practical suggestions for the solution of that phase of the problem. That phase is practical and not legal. The people apparently have adopted the common-sense solution of the vendor absorbing

the minor fraction of 1 cent and the vendee paying when the sales tax upon the rate imposed passed to the major part of the fraction of a cent.

The order complained of should be, and is, therefore, affirmed. The cause is remanded to the state tax commission. Further proceedings may be had, if necessary, in accordance with the views herein expressed. Costs to defendant.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

WOLFE, Justice (concurring).

I concur in the holding that the vendor is responsible to the state for a tax amounting to 2 per cent on all retail sales. The law says so. This tax can be settled for by paying 2 per cent on the aggregate of all his sales except that if he has collected more than that he must turn it over to the state. Where there are fractions of a cent due on the aggregate sales, the settlement for such fractions of a cent may be taken care of in the way the commission determines, by a debit and credit system, or other authorized means. I do not see that this case involves the question of how a vendor may pass on to the vendee a fraction of a cent in tax on a single sale. It may be that such fraction cannot be so passed on because of the lack of coinage or tokens of less than a cent in value. Or it may be that under section 4(a), as amended by chapter 20, Second Special Session Laws of Utah 1933, the vendor may require the vendee to pay a whole cent where there is a fraction of a cent due. I cannot see that this necessarily involves the implication that it is a tax against the vendee and not the vendor. It is said we so held in the case of *State Tax Commission* v. *City of Logan*, 88 Utah 406, 54 P. (2d) 1197. I fail to see that we have so held. It is argued that if it is a tax against the vendee some provision must be made whereby the vendor may reimburse himself, because it would be unconstitutional to hold a man responsible for another's tax when there was no way in which it

could be collected from such other, and that, therefore, in
the case of sales of less than 50 cents the law contemplated
reimbursement would have to be foregone entirely because
there is no way to collect less than a cent; that if a whole
cent were charged, then it would bring about another uncon-
stitutional situation as far as the vendee was concerned. But
is it unconstitutional to exact a greater percentage of a small
sale than of a large sale? It may be that where such a great
percentage of a small income were taken as to deprive a man
of his living so as to make him a slave of the government in
the sense that practically all he made was taken from him,
such discrimination would be unconstitutional and it may
be unfair. But, merely to require larger percentages of
smaller incomes than of larger may not offend against the
Constitution any more than to require larger percentages of
larger incomes offends against the Constitution. But I do
not think the question of whether it is a tax on the sale or
one on the purchase is involved. Therefore the question of
whether it is fundamentally a tax on the buyer's side of the
transaction which the seller must collect, or whether it is a
tax on the seller's side of the transaction for which the law
permits reimbursement, is not involved. And I may add
that I hope something as metaphysical as this may never be
involved. Such questions are not now involved.

All we need decide in this case is that the plaintiff is ob-
ligated to pay 2 per cent to the tax commission on sums of
$1,527.16 and $1,528.52 for July and August, 1935, respec-
tively. Nor do I see that the question of whether the Jensen
Candy Company must pay overage on any single sales if
such was collected is involved. That is to say, if on its single
sales of less than 50 cents it collected the whole 1 cent,
whether it must account for all that overage on all those
single sales as well as 2 per cent on all other sales over 50
cents is not involved, because evidently the commission does
not make any such claim.

I can see that if A. sells a 10-cent article to B. and it is a
contract, and B. would refuse to pay more than one-fifth of

a cent tax, and because he could not pay such fraction owing to impracticability refuses to pay any tax and then sues A. for delivery of the article, if suit for delivery could be brought, tendering the 10 cents, we might have a test case of the tax law in this regard. But this case involves settlement between a retailer and the commission and not a test case between the retailer and a vendee as to whose favor the fractions of a cent may be disregarded. Consequently, I see no necessity of assuming that the commission has power to issue tokens as a means of paying fractional cent taxes. It may or may not have such authority. I concur with these limitations.