## In re CIGARETTE LICENSES OF THE VENDING MACHINE CORPORATION OF AMERICA.

## VENDING MACHINE CORPORATION OF AMERICA v. OKLAHOMA TAX COMMISSION.

No. 28409.   Sept. 27, 1938.

Monnet & Savage and Earl Sneed, Jr., for plaintiff in error.

C. D. Cund, A. L. Herr, and Wendell Barnes, for defendant in error.

GIBSON, J. This is an appeal from the order of the Oklahoma Tax Commission denying plaintiff's application for permission to operate in the same room or place of business two coin-operated cigarette vending machines under a single dealer's license.

The application was denied by the commission for the reason that section 18, art. 7, ch. 66, S. L. 1937, provides that each vending machine shall be licensed as a place of business and each shall have a separate license. Plaintiff attacks that portion of the section as unconstitutional, asserting that the same would deprive it of certain fundamental rights and guarantees, especially the guarantee of the equal protection of the laws (14th Amend. U. S. Const.), and the safeguard afforded by the uniform application of the general laws (sec. 59, art. 5, State Const.).

That portion of the statute here under consideration reads as follows:

"Every manufacturer, wholesaler and/or jobber of cigarettes in this state before commencing such business, or, if already in such business, before continuing, shall secure a permit from the commission and shall pay an annual fee of twenty-five ($25) dollars, therefor, and when paying said fee will receive from the commission for the ensuing year a permit which must be placed in a conspicuous place in the place of business so same can be seen at all times. Any and all persons operating more than one (1) place of business shall secure a permit for each place of business. Place of business shall be construed to include the place where orders are received, or where cigarettes are sold; if sold on or from any vehicle, the vehicle upon which such cigarettes are sold shall constitute a place of business, provided, however, that any vehicle owned or operated by any principal place of business who is a holder of a permit, said vehicle shall then pay a fee of ten ($10) dollars for said permit. Every retailer of cigarettes in this state before commencing such business, or, if already in such business, before continuing, shall secure a permit from the commission and shall pay an annual fee of ten ($10) dollars therefor, and when paying said fee will receive from the Oklahoma Tax Commission for the ensuing year a permit which must be placed in a conspicuous place in the place of business so same can be seen at all times. Any person, firm or corporation, operating more than one (1) such place of business shall secure a permit for each place and shall display same in a conspicuous place in each place of business, so that same may be seen at all times. * * *

"Vending machines shall be licensed as a place of business and each and every cigarette vending machine shall have a separate license for each machine from which cigarettes are dispensed. No two machines may be operated under a single license."

Plaintiff says the statute would create an arbitrary and unreasonable classification among merchants for the purpose of raising revenue, resulting, in event of enforcement, in undue discrimination against it as a retailer through the medium of a mechanical device, favoring the retailer who dispenses cigarettes through human salesmen. The result, says plaintiff, is a classification based wholly upon the difference in the mode of transacting the same character of business, which, under the general rule, furnishes no justification or ground for the attempted classification, thus branding the measure as one that would deprive the plaintiff of the equal protection of the law. 37 C. J. 200, sec. 53. There we find in the text a statement of the law as generally applied throughout the different states. It reads as follows:

"A license tax must bear equally and uniformly upon all persons engaged in the same class of business or occupation or exercising the same privileges; if it makes an arbitrary distinction between persons similarly situated and does not fall alike on all persons engaged in the same particular class of business or avocation, it is unconstitutional and void, as where it arbitrarily and unreasonably exempts part of a class, or arbitrarily and unreasonably discriminates between different modes of conducting the same business, unless there is something in the one mode which makes it more dangerous to the public. * * *"

The foregoing rule is applicable whether the license fee imposed be for regulatory purposes or for revenue. If there is an unjust discrimination resulting from the classification, there is a denial of equal protection of the law. Cooley on Taxation (4th Ed.) vol. 1, 751, sec. 353.

We note here, for the purpose of clarifying the constitutional questions involved, that section 5, article 10, of the state Constitution, requiring that taxes shall be uniform upon the same class of subjects, does not apply to license tax. Ex parte Shaw, 53 Okla. 654, 157 P. 900.

Plaintiff has cited cases from other jurisdictions in support of its contention that the mode of conducting a business is an insufficient ground of classification for the purpose of assessing a different license charge, but we gather from the aforesaid statute that if a classification among retail cigarette dealers is thereby attempted, the same is based not upon the mode of conducting business but upon the character of the "place of business." The Legislature has not said that one who sells by means of mechanical device shall pay more or less than one who sells through the medium of personal salesmanship. It declares that there shall be a separate license for each place of business; and "place of business," says the Legislature, "shall be construed to include the place where orders are received, or where cigarettes are sold." Then, in the following words, each vending machine is in effect declared to be a place of business: "Vending machines shall be licensed as a place of business and each and every cigarette vending machine shall have a separate license for each machine from which cigarettes are dispensed." So far as the classification is concerned, the statute makes no attempt to bring into play any of the usual regulatory measures employed under the police powers. Neither is there an attempt to distinguish or classify upon the basis of volume of business, value of merchandise, capital invested, or mode of dispensing to the trade. These grounds, with the exception of the mode of dispensing, are sometimes considered reasonable justification for classifications for purposes of licensing. Bramman v. City of Alameda (Cal.) 124 P. 243; Price v. Richardson (Ga.) 125 S. E. 449.

The statute expresses a plain legislative intent to collect an annual license fee from each place of business retailing cigarettes, and that the fee should be assessed on all such places of business in equal measure regardless of the size thereof or the volume of sales. There is but one classification and it includes all places of business retailing cigarettes.

The law is clearly one of general application affecting alike all members of the one class designated (sec. 59, art. 5, State Const.). The only question is, May the Legislature, without jeopardizing plaintiff's constitutional right to the equal protection of the law, designate each vending machine as a place of business along with the usual mercantile establishment?

The place or unit dispensing cigarettes at retail is the subject of the license. While the elements such as volume, capacity, or area of the place of business ordinarily may be considered for the purpose of a graduated fee, those elements played no part in the present legislative enactment, and the Legislature is not compelled to consider such elements in fixing a privilege tax. The privilege granted supports the charge, and the charge must be equal and uniform upon all exercising the particular privilege. 37 C. J. 200, sec. 53, supra.

In the instant case each vending machine is a complete unit dispensing cigarettes at retail, a complete retail establishment. Each exercises the privilege granted to any other retail dispensary of cigarettes. To place two or more at the same location would in no manner change the individual character of the machines. The result in such case would be merely a multiple business with each part exercising individually an identical privilege.

In such cases the Legislature is invested with broad and almost unlimited powers. Until its enactments reach the point of arbitrary and unjust discrimination, the courts may not interfere to say that one has been denied the equal protection of the law.

None of the cases cited by counsel is directly in point here. The single decision more particularly relied upon by plaintiff, City of Seattle v. Dencker (Wash.) 108 P. 1086, holds that a city ordinance attempting to license cigar vending machines and omitting other retailers of cigars was invalid as an unjust discrimination based wholly upon the method of doing business. If in point at all, it would seem to support the defendant's contention in this case that the privilege exercised by the machine and that exercised by the ordinary retailer were identical and should be licensed alike.

Plaintiff's contention that the title of the act is inadequate (sec. 57, art. 5, Const.) is accompanied by neither argument nor authorities, and the same will therefore be considered as abandoned.

In view of our statements above, we hold that the inclusion of the vending machines in the classification as designated by the Legislature was not arbitrary or unjust to the point of depriving plaintiff of its constitutional right to the equal protection of the law.

The order of the commission is affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.