## TANNER v. STATE.

### 1 Div. 315.

Court of Appeals of Alabama.

May 23, 1939.

Rehearing Denied June 13, 1939.

H. M. Aldridge, of Mobile, for appellant.

569

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb and John W. Lapsley, Asst. Attys. Gen., for the State.

SAMFORD, Judge.

The indictment in this case charged a violation of Section 24 of an Act of the Legislature (approved February 23, 1937), entitled "An Act to provide for the general revenue of the State of Alabama", and to repeal an Act entitled, "To be entitled an Act to amend an Act entitled, 'An Act to provide for the general revenue of the State of Alabama, approved July 10, 1935', by adding Schedule 155.4A and Schedule 155.4B to Section 348 of said Act, approved December 17, 1936." (Said Section to be found in General and Local Acts Alabama, Special Session, 1936–1937, Pages 125, 139.)

Section 24 of said Act reads as follows: "It shall be unlawful for any person, firm, corporation, association or co-partnership engaged in or continuing within this State in the business for which a license or privilege tax is required by this Act to fail or refuse to add to the sales price and collect from the purchaser the amount due by the taxpayer on account of said tax provided herein, or the amount due by said taxpayer on account of any taxes provided herein, or the amount due by said taxpayer on account of any taxes provided under this Act, or who shall refund or offer to refund all or any part of the amount collected, or absorb or advertise directly or indirectly the absorption or re-

fund of said tax or any portion of the same."

The penalty providing for a violation of Section 24 is contained in Section 25 of said Act, which reads as follows: "Any person, firm, or corporation violating any of the provisions of Section 24 of this Act shall be guilty of a misdemeanor and upon conviction shall be fined in a sum of not less than Fifty ($50.00) Dollars nor more than One Hundred ($100.00) Dollars, or may be imprisoned in the county jail for not more than six months, or by both such fine and imprisonment, and each act in violation of the provisions of this Act shall constitute a separate offense."

Briefly stated, the defendant in this case for a number of years has owned and operated a general merchandise and grocery store on the outskirts of Mobile, Alabama, engaged, primarily, in the sale of groceries and other staple goods subject to the so-called "Luxury" or "Sales Tax", under the Act of the Legislature hereinabove cited. It is conceded and admitted that the appellant made sales in violation of Section 24 of the Act hereinabove set out, and that he refused to collect said tax from such purchasers as bought goods at his store; notwithstanding that, he paid to the State the amount of said tax due by and on account of such sales.

By demurrer, plea in abatement, and by proper charges, it is contended that the defendant is not subject to this prosecution for the reason that the Act, itself, is in violation of the Constitution of the State of Alabama and of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.

Both the appellant's and the State's counsel have filed elaborate briefs presenting their several contentions; but, as we view the case, the points raised have already been decided adversely to appellant's contention.

In Doby et al. v. State Tax Commission, 234 Ala. 150, 174 So. 233, 237, the Supreme Court of this State, dealing with the principal question here at issue, used the following language: "The mandatory provision in this section is for the benefit of the seller, but more particularly for the protection of all retailers charged with the payment of this tax. The lawmakers deemed it unfair competition for the strong to absorb the tax and build up his trade, at the expense of the weaker dealer who could not absorb it. So, the legal duty of the retailer, the taxpayer, is to pay the tax and also to collect a like amount from the purchaser. It is not a question of whether he should pay the tax, or, in the alternative, collect the tax for the state."

Finally, in the Doby case, supra, the Supreme Court makes the following finding: "Under section 24, it is the mandatory duty of the seller, the taxpayer, to pay the tax lawfully due under the act, and a like mandatory duty to add the amount thereof to the sales price and to collect same from the customer, subject to provisions of section 5 touching credit sales."

It is not for us to multiply reasons, or to add argument to the decisions already made by the Supreme Court. Ours is the duty to follow the decisions as they are written, and as they have already been determined; and, while the decision in the Doby case, supra, cites no authorities for its holding, it seems to be in line with other authorities passing upon the same question.

In the case of State ex rel. Rice, Attorney General v. Allen, 180 Miss. 659, 177 So. 763, 764, the Chief Justice of Mississippi, passing upon a similar question, holds that the Act here in question is not in violation of the Fourteenth Amendment of the Constitution of the United States, U.S.C.A., nor to Section 14 of the Constitution of Mississippi which is, in all respects, similar to our own Constitution. In making this ruling, the learned Chief Justice uses the following language: "A provision in a sales tax statute requiring the dealers to collect their tax from their purchasers is in general use," citing 47 Harvard Law Review 868. Then follows a long list of decisions from the Supreme Court of the United States, some of which we have read, and those so read support the holding by the Supreme Court of Mississippi.

The constitutionality of the Act as a whole, and in principle, has been upheld by the Supreme Court of this State in several decisions, notably in Frazier v. State Tax Commission, 234 Ala. 353, 175 So. 402.

As we view the case, the foregoing disposes of all of the constitutional questions raised by demurrer and plea in abatement, and, also, the question of the defendant's penal liability for an intentional violation of the provisions of the Act.

It may appear that the Act of the Legislature, compelling a retail dealer to collect from a purchaser of merchandise a certain tax over and above the contract price, in order that the purchaser shall be made to pay a tax due by the seller, is unusual and contrary to the heretofore accepted assumption, that such requirement would be the taking of property without due process of law, but it seems we have moved into another period in the development of our civilization, and the decisions of the courts of last resort have yielded to the progressiveness of our business dealings. It, therefore, becomes the duty of the citizens to fall in line and to obey the law as it is written until the same may be repealed by the representatives of the people.

■. There is nothing in the contention that the appellant is excused from collecting the tax by reason of the fact that the State Tax Commission failed to furnish him with "tokens", so-called. These tokens are furnished, under the Act, for the convenience of the buyer and seller in collecting the tax when the amount of the purchase is the fractional part of 1 cent. These tokens are provided by Section 26 (General Acts 1936–37, Sp.Sess., pages 125, 140) and they are governed by an authorized regulation made by the State Tax Commission. Morrow v. Henneford, 182 Wash. 625, 47 P.2d 1016–1019. The validity of the tax, and the obligation of the seller to collect the same, would not be affected even if no tokens had ever been issued.

■ There might be some pith in appellant's contention that the indictment is faulty in that each alternative averment must charge an offense, but for the fact that the charge in the indictment is specific as to articles sold, all of which are subject to the tax levied by the Act, supra. The indictment charges that the defendant sold "One jar of peanut butter at fifteen cents; one jar of pickles at fifteen cents; and one loaf of bread at ten cents, and did fail or refuse to add to the sale price of such groceries or merchandise and collect from the purchaser the amount due by said purchaser as sales tax on such articles," etc. As charged in the indictment, there is no uncertainty; and hence, the demurrer was properly overruled.

Other related questions have been examined and are found to be without merit.

There is no reversible error in the record and the judgment is affirmed.

Affirmed.