194 So. 523

**SOUTHERN RY. CO. v. CURRY,**
**Commissioner of Revenue.**

3 Div. 272.

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for appellee.

BROWN, Justice.

The submission was on bill and answer, oath to the answer being waived by footnote to the bill. The answer, therefore, is not evidence, but mere pleading, and to entitle the complainant to relief the averments of the bill must be sufficient to give it equity, and such averments must be admitted by the answer. Code 1923, § 6548; Marks v. Cowles et al., 61 Ala. 299, 309; Winter v. City of Montgomery, 83 Ala. 589, 3 So. 235; Reese v. Barker, 85 Ala. 474, 5 So. 305.

The answer admits all the averments of the bill, except paragraph 5, which is a mere conclusion of the pleader.

Section II of the Act No. 126, approved February 23, 1937, provides: "There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, privilege or license tax against the person on account of the business activities and in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows: (a) Upon every person, firm or corporation engaged or continuing within this State in business of *selling at retail* any tangible personal property whatsoever, including merchandise and commodities of every kind and character [with exceptions not here pertinent] an amount equal to two per cent of the gross proceeds of sales of the business, except where a different amount is expressly provided herein." (Italics supplied.) Gen.Acts 1936–37, Extra Session, pp. 125, 126.

Section 1, Subsection (i) provides: "The term 'sale at retail' or 'retail sale' shall mean all sales of tangibles personal property except those above defined as wholesale sales. [Not here pertinent]. The quanti-

264

ties of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail, except as herein expressly provided. *Sales of building materials* to contractors, builders or *landowners* for resale *or use* in the form of real estate are retail sales in whatever quantity sold." (Italics supplied.)

The contention of the State, now made through its Commissioner of Revenue, seems to be that slag, alleged to be of two classes, being purchased by the complainant in car load lots, from the Woodstock Slag Corporation, is building material, and that the retailer is liable to the license tax.

■ The facts alleged in the bill, to say the least, do not show, as a matter of law, that such slag is not building material, and it would seem upon a correct issue formed in an authorized proceeding, that this would be a question of fact to be determined on proof. Certain it is that the courts cannot affirm as a matter of judicial knowledge that such substance in the form in which it is being purchased at retail, is or is not building material.

■ But whether it is or not, the seller seems to be making no complaint, and the purchaser not being the taxpayer, eo nomine, is in no position to have that question determined for the person against whom the tax is levied, and a judgment, assuming that the court had jurisdiction to render same, declaratory or otherwise, .as between the Railroad Company and the State or its taxing authorities, would be without binding force as between the State and its authorities and the Woodstock Slag Corporation. Section 6, Declaratory Act, Gen.Acts 1935, p. 778. See, also, State Tax Commission et al. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31.

The facts alleged in the bill do not show a justiciable controversy, and are not sufficient to give it equity.

■ The averments of a bill to warrant relief must be so complete that on their admission or on decree pro confesso the court can without evidence say that complainant is entitled to the relief prayed. Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Seals v. Robinson & Co., 75 Ala. 363; Frederick v. Hartley et al., 202 Ala. 43, 79 So. 381; Majors v. Killian et al., 230 Ala. 531, 162 So. 289.

The decree of the circuit court is reversed, and one here rendered dismissing the complainant's bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.