48 So.2d 230

STATE v. BAKER'S ICE CREAM SERVICE, Inc.

6 Div. 51.

Supreme Court of Alabama.

Oct. 19, 1950.

A. A. Carmichael, Atty. Gen., and H. Grady Tiller, and W. W. Livingston, Asst. Attys. Gen., for appellant.

312

Wm. S. Pritchard, Winston B. McCall, and Pritchard & McCall, all of Birmingham, for appellee.

BROWN, Justice.

The bill of complaint as last amended avers that "On June 15, 1949, the State Department of Revenue made final the assessment of sale taxes against appellant (in the circuit court) for the period March 27, 1947—October 31, 1948, in the following amounts: Sales tax for said period—$1,069.19; penalty thereon—$57.39; interest on said tax from the date the same became due, to the date of the assessment—$57.39. Total amount assessed—$1,183.97."

"Appellant avers that it is engaged in the business of manufacturing and selling ice cream products, such as popsicles and like items, to retailers for resale to the public. All of the transactions against which the State Department of Revenue has assessed sale tax, as aforesaid, were wholesale sales of tangible personal property by appellant to retailers for resale. Appellant avers specifically *that said sales, which form a basis for the said sales, which form a basis for the said assessment, are not subject to the sales tax, as levied by the Alabama Sales Tax Act* (Title 51, Section 752, et seq., Code of Alabama, 1940); *that said sales were wholesale sales, within the meaning of and as defined in Section 752 (i) of Title 51, Code of Alabama, 1940.*" (Italics supplied.)

Appellant further avers that none of the sales, which form the basis for the assessment here appealed from, were retail sales. That appellant's books were kept so as to show that said sales were sales at wholesale, "to licensed retail merchants, jobbers, dealers or other wholesalers for resale."

The foregoing allegations of the bill stripped of pleader's conclusions of law indicated above by emphasis allege as a fact that the basis of the levy which the bill seeks to vacate were not retail sales but were wholesale sales to licensed retail merchants, jobbers or dealers and other wholesalers for resale. If these allegations are sustained by proof said sales were not taxable.

The assessment made by the State Tax Commission is presumably based on re-

tail sales and the appellant (in the circuit court) has the burden of showing that the assessment is not based on retail sales. Code of 1940, Title 51, § 140; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342; Paramount-Richards Theatres, Inc., v. State, 252 Ala. 54, 39 So.2d 380.

The bill also attacks the levy on the ground that said sales upon which said levy was based were made at unit prices in amounts less than fifteen cents. That by the Act of the Legislature of Oct. 1, 1947, now § 776, Title 51, Code of 1940, a vendor was specifically prohibited from collecting from the consuming public any sales tax for fifteen cents or less. And the bill avers that in the event said sales made by appellant should be held subject to the Alabama Sales Tax Act appellant would have been prohibited from collecting from its purchasers any tax on said sales and, therefore, the appellant had no manner by which it could pass the tax levied by the sales tax on to its purchasers through breakdown schedule or to collect the appropriate amount from said purchasers, which it would be required to pay over to the State of Alabama and consequently said section of the code, if interpreted to render the taxpayer liable for sales under said § 776, would render it unconstitutional and void.

The last phase or aspect of the bill is inconsistent with the first stated phase and in effect concedes that the levy was made under said § 776, which only applies to retail sales. This contention or phase of the bill is clearly without merit and was subject to ground 24 of the demurrer directed thereto. State v. Woods, 242 Ala. 184, 5 So.2d 732. For the error of the court in overruling the demurrer addressed to the bill as a whole and to the last mentioned aspect, the decree is reversed and the cause is remanded.

The appellee is granted 30 days within which to amend the bill if it is so advised.

Reversed and remanded.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.