80 So.2d 724

**J. M. SCOTT et al.**

v.

**John BOWMAN et al., Trustees, et al.**

**7 Div. 225.**

Supreme Court of Alabama.

May 19, 1955.

536

Jos. C. Kellett and W. M. Beck, Fort Payne, for appellants.

C. A. Wolfes, Fort Payne, for appellees.

MAYFIELD, Justice.

This is an appeal from an interlocutory decree of the Circuit Court of DeKalb County, in Equity, sustaining the appellee's demurrer to the appellants' original bill of complaint, as last amended.

The complainants-appellants were two of the heirs at law of J. W. T. Scott and wife, the original grantors of the land which is the subject of this controversy. This bill for a declaration of right was first filed against John Bowman, Mitchell Adams and Clyde Hartline, as Trustees of School District Number 7. The heirs at law of J. W. T. Scott, et ux., other than the complainants, were also made parties-respondent.

The bill alleged that the complainants-appellants were heirs at law of the deceased grantors, the Scotts. That on 25 May 1907, J. W. T. Scott, et ux., conveyed a plot of ground to the Public School Trustees and their successors in office. This deed was the product of amateur draftsmanship; the granting clause provided:

"This land being deeded for the purpose of a school building and Masonic and Odd Fellows and Farmers Union Hall. When it ceases to be used for that purpose, it will fall back to the *owner of the original tract.*" [Emphasis supplied.]

The bill alleged that the deeded property had ceased to be used for any of the purposes enumerated in the deed and that the complainants are of the "opinion" that the title to this property should vest in them and the remaining heirs of the original grantors, the Scotts. It is alleged that the respondent-Trustees "refused to recognize" the claim of the complainants.

The complainants-appellants prayed for a declaratory judgment decreeing that the property had ceased to be used for any of the purposes enumerated in the granting clause of the deed and that the property should revest in the heirs at law of the original grantors. The complainants amended their bill in the lower court and alleged that the present Trustees were successors in office to the School Trustees at the time of the execution of the original deed. This amendment added the date of the grantors' deaths and the date on which the property ceased to be used for the purposes specified in the original grant. By a second amendment, the complainants added the DeKalb County Board of Education as a party respondent; averring that the County Board of Education, as well as the School Trustees of District Number 7, were the successors in office to the School Trustees to whom the property was originally conveyed.

Separate demurrers were filed by the respondent-Trustees and by the respondent-Board of Education. The Chancellor sustained the demurrer filed by the Trustees of School District Number 7 on 9 June 1953. In this decree the trial court held that, as a matter of law, those respondents had no interest in the property, title having been vested in the DeKalb County Board of Education by statute. No appeal was taken from the decree of 9 June 1953.

On 6 June 1953, the demurrer of the respondent-Board of Education, directed to the failure of the bill of complaint to allege that complainants were owners of the original tract, was sustained. It is from that decree that this appeal was taken.

It is maintained by the appellants that the principal issue for our determination is an interpretation of the phraseology in the original deed, To whom does the land "fall back" upon breach of the condition? Two possibilities of interpretation are urged. Either the land reverts to the heirs of the original grantors, or it revests in the subsequent purchasers who owned the original tract, surrounding the portion deeded for public purposes, at the time its public use ceases.

 The identities of the present owners of the original tract do not appear from the face of the bill. Nor does it appear whether such present owners are parties-respondent to this suit. We are asked to construe the deed and declare the rights of the parties involved on demurrer. This court has held that such a construction of a deed can only be made on demurrer when counsel for both sides desire to have the matter considered by this court and argue the case on that basis. Water Works & Sanitary Sewer Board of City of Montgomery v. Campbell, Ala., 80 So.2d 250; Mobile Battle House v. City of Mobile, Ala., 78 So.2d 642; Atkins v. Curtis, 259 Ala. 311, 66 So.2d 455. Obviously, this court cannot declare rights where necessary parties are not brought into court and here, from aught appearing, the present owners of the original tract of land are not made parties. Hence this court cannot undertake to construe the reverter clause in the deed. Southern Ry. Co. v. Curry, 239 Ala. 263, 194 So. 523.

■ If the purpose of the bill is to determine whether there has been a reverter, then the bill fails to show a justiciable controversy in that it fails to allege that the appellees deny that fact and are claiming title and right of possession under the deed. The bare allegation that the respondent-Trustees do not "recognize the claim" of complainants is not sufficient to invoke the jurisdiction of the court.

Affirmed.

All the Justices concur except GOODWYN, J., not sitting.