211 So.2d 803

### DUNBAR–STANLEY STUDIOS, INC.

v.

### CITY OF MOBILE.

1 Div. 431.

Supreme Court of Alabama.

June 13, 1968.

Thornton & McGowin, Mobile, for appellant.

Wm. H. Brigham, Mobile, for appellee.

PER CURIAM.

Appellant complains here that the circuit court of Mobile County, in equity, erred in sustaining appellee's demurrer to an original and amended bill of complaint, seeking a declaratory judgment, and in dismissing the complaint after complainant (appellant) declined further to amend.

It appears that appellee issued a citation to J. C. Penney Company, a non-resident corporation operating a retail store in the City of Mobile, for the sale of merchandise. The citation called upon Penney Company to pay a photographer's privilege license imposed by an ordinance.

J. C. Penney Company is neither a party to this suit, nor does it appear that said company has either agreed or refused to pay the license. There is no contention in the complaint that appellant has been cited or requested to pay the license. Appellant, in its complaint, challenges the validity of the ordinance and its constitutionality.

We think the complaint adequately shows that Penney Company and appellant entered into a contractual agreement whereby appellant was to perform photographic service for the public in the several Penney Company stores in Alabama (including the one in Mobile), with a division of net profits after deduction of expenses. Appellant is a non-resident corporation with its main office in Charlotte, North Carolina.

Appellant sends a photographer to Alabam to perform skilled service in taking children's photographs. The film, after exposure before its subjects in the Penney Company store, is sent to the North Carolina studio, there to be developed and converted into a finished photograph, which is sent back to Alabama for delivery by Penney Company employees to the customer. No photographer engaged in the service is a resident of Alabama.

It further appears that the Penney Company store in Mobile (as do other Penney Company stores in Alabama) causes certain advertising to be done. This advertising tends to recruit customers for the proposed photographic service. Penney Company takes the orders, which are transmitted to appellant in Charlotte, North Carolina, for approval and acceptance. When the orders are accepted, the finished products are sent to the Penney Company stores for delivery by Penney Company employees to the customer and collection of pecuniary charges for the service and product. Penney Company receives a percentage of the money, so collected, and accounts to appellant for the balance. Penney Company makes accounting reports to appellant and to its home office.

We might add that Penney Company prepares cards notifying its customers of the proposed visit of the photographer. Penney Company assumes marked responsibility in trying to drum up photographic business from its prospective customers.

Appellant maintains no office, developing laboratory, or permanent agent in Alabama. The service, exposing the film before the

subject child, is performed in Alabama (Mobile) with appellant's equipment that is temporarily located in Alabama. The laboratory equipment for developing the film is all located in North Carolina. With the exception of the laboratory work, preparing announcement cards, exposing the films, all the work incident to the photographic service is performed by Penney Company employees. The photographer takes no orders for the pictures.

Some of the above details may not appear in the complaint at issue, but the modus operandi is set forth in Dunbar-Stanley Studios, Inc. v. State of Alabama, Ala., 210 So. 2d 696,[1] recently decided by this court. We think the above statement of facts fairly presents appellant's operations in Mobile.

There are two questions presented by appellant's assignments of error. (1) Did the trial court err in sustaining respondent's demurrer to the complaint, as amended? (2) Did the trial court err in dismisssing the complaint, as amended?

We think the justiciability vel non of the complaint, raised by demurrer, falls within the purview of Southern Ry. Co. v. Curry, 239 Ala. 263, 194 So. 523, wherein it appears that the appellant (in that case) filed its bill, in equity, against the State Tax Commission seeking a declaratory judgment as to whether the sale of slag, in carload lots, was subject to the provisions of the Sales Tax Act. We observed as follows:

> "But whether it (the slag) is or not (building material), the seller seems to be making no complaint, and the purchaser not being the taxpayer, eo nomine, is in no position to have that question determined for the person against whom the tax is levied, and a judgment, assuming that the court had jurisdiction to render same, declaratory or otherwise, as between the Railroad Company and the State or its taxing authorities, would be without binding force as between the State and its authorities and the Woodstock Slag

Corporation. Section 6, Declaratory Act, Gen. Acts 1935, p. 778. See, also, State Tax Commission et al. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31."

In the instant case, J. C. Penney Company, which was cited for payment of the license tax, is making no complaint. There is no assurance or indication that Penney Company will complain or resist the citation. The judicial doors are wide open for Penney to enter and litigate the legality and constitutionality of the ordinance that purports to impose the privilege license tax here in question. Penney cannot do so by proxy, as here undertaken.

■ Without the presence of Penney Company as a party to this suit, a judgment herein sustaining the validity of the ordinance and its application to Penney Company, would be without binding force on said company. The mere fact that appellant has entered into a contract to reimburse Penney Company for any license tax it may have to pay appellee, does not make appellant a taxpayer eo nomine, or give it a status that entitles it to challenge the validity and constitutionality of the ordinance. The conract for such reimbursement is a private arrangement between appellant and Penney Company that is of no concern to appellee. The appellee is interested in collecting the tax from Penney Company. Any declaratory judgment in the instant suit, if the ordinance should be sustained, would not legally affect such collection. The City could not legally collect Penney Company's tax from appellant. It would still have to look to Penney Company for payment.

Some of the vital and material allegations of the complaint, as amended, stem from conclusions and conjectures. Such dependency could have been avoided had Penney Company been joined as a party. The trial court, with all the parties before it, could have decreed complete justice, binding on all the parties, thus obviating piecemeal or fragmentary justice.

1. Ante p. 221.

We have carefully read the allegations of the original bill, and the amendment thereto. We have given appellant's brief careful study. We conclude therefrom that no justiciable controversy is presented between appellant and appellee. This is true irrespective of astute, diligent and conscientious efforts of appellant, acting through their capable and learned counsel, to inject such controversy.

The decree of the trial court sustaining the demurrer and dismissing the bill is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.